**STATE of Missouri, Plaintiff–Respondent,**

**v.**

**Houston H. SIMMS, Defendant–Appellant.**

**No. 52104.**

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 17, 1987.

Motion for Rehearing and/or Transfer Denied Dec. 22, 1987.

Application to Transfer Denied Feb. 17, 1988.

Stormy B. White, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, John M. Morris, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of unlawful use of a weapon, felonious restraint, and armed criminal action. The court found defendant to be a prior and persistent offender and sentenced him to prison for 10 years on the unlawful use of a weapon offense and 15 years on each of the other two offenses, sentences to be served concurrently. Defendant appeals; we affirm.

The sufficiency of the evidence is not at issue. The offense took place around midnight at Lambert Airport in St. Louis. The victim, Lieutenant Marilyn Dykman, had just arrived from her station in West Germany and was waiting for her family to arrive in a street level waiting room of the airport. There were approximately seven other people in the room. Upon entering the waiting room, defendant began talking to Sandy Smith, and then he proceeded to the victim. Defendant grabbed the victim, put a knife to her throat, and yelled, "don't move or I'll kill you." Defendant kept the police at bay for thirty minutes by keeping the knife to the victim's throat. He told the police that he needed the help of the F.B.I. to escape from drug dealers who were chasing him. Ultimately, the police succeeded in convincing defendant to release Lieutenant Dykman.

Prior to trial, the court appointed counsel to represent defendant, but he resisted the appointment. The court strongly encouraged him to accept the help of counsel, but he insisted on self-representation. In response to the court's urging to accept the help of counsel, he indicated that he was familiar with court proceedings, having been previously convicted. The court allowed defendant to represent himself, but made counsel available to him for consultation and advice.

In defendant's first point, he contends that the trial court erred by failing to order sua sponte a psychiatric examination of him because the bizarre circumstances of his crime adduced at trial strongly suggested that he was suffering from a mental disease or defect at the time the crime was committed.

The record reveals, however, that the trial court, pursuant to § 552.020.2, RSMo 1986, sua sponte ordered a mental examination of defendant. The mental examination was done by forensic psychiatrist, Dr. S.D. Parwatikar, at Malcolm Bliss Mental Health Center, St. Louis, Missouri. In accordance with § 552.020.4, RSMo 1986, one of the questions to be determined by the examination was the following:

whether at the time of the alleged criminal conduct the accused, as a result of mental disease or defect, did not know or appreciate the nature, quality, or wrongfulness of his conduct or as a result of the mental disease or defect was capable of conforming his conduct to the requirements of the law.

In addition to discussing defendant with his social worker and reviewing the police report, Dr. Parwatikar examined him twice for a total of four hours. Dr. Parwatikar found to a reasonable degree of medical certainty that:

1. [Defendant] *does not have a mental disease or defect* within the meaning of Chapter 552.

2. He understand[s] the charges pending against him and he is capable of assisting [in] his own defense....

3. *At the time of the alleged offense,* he knew and appreciated the nature, quality, and wrongfulness of the alleged offense and although he might have acted in panic, *he was able to conform his conduct to the requirements of law.* (Emphasis added.)

A review of the record at trial further supports these findings.

■ Defendant's argument is based entirely on the allegedly bizarre nature of the offense. Even if one accepts the contention that defendant's actions were bizarre, "that fact does not necessarily bespeak that he had a mental disease or defect excluding responsibility ..." *State v. Preston,* 673 S.W.2d 1, 8 (Mo. banc 1984).

The psychiatric examination and defendant's conduct subsequent to the offense gave the trial court no reason to doubt his mental condition. As the court stated in *Anderson v. State,* "... when the pre-sentence psychiatric report did not indicate a state of mental disease or defect sufficient to exclude responsibility, the trial court was not required sua sponte to take any further action." 493 S.W.2d 681, 684 (Mo. App.1973). We find defendant's point without merit and hold that the trial court did not err in failing to order a second mental examination *sua sponte.*

■ Defendant also contends the court erred in permitting the state to make an improper argument on rebuttal. We need not burden the opinion with the details of the argument. Defendant did not object to the argument at trial, thus failing to preserve his point. *State v. Jones,* 714 S.W.2d 909, 912 (Mo.App.1986). We have reviewed his complaint and find no error, plain error or otherwise.

Defendant also contends the trial court erred in finding him to be a persistent offender because only one prior conviction was shown by sufficient evidence and the evidence that he was the defendant in the other two convictions presented was inadmissible hearsay from the prosecuting attorney.

An information in lieu of an indictment was filed charging defendant as Houston Simms, also known as Charles Steele. The information alleged that defendant was a prior and persistent offender because he had been previously convicted of three separate offenses: three counts of armed robbery, armed robbery, and assault to rob. The information also specified the dates and the courts in which he was convicted. The records offered in evidence revealed that defendant pleaded guilty to the charge of assault to rob and was sentenced on March 29, 1963, in the County of St. Clair, Illinois. In addition, Charles Steele was twice convicted and sentenced in the Superior Court of the County of Los Angeles, California, once on three counts of armed robbery and once for armed robbery on February 24, 1961. On the basis of these three convictions, the court found defendant to be a persistent offender. Defendant contends that the state failed to prove that he is Charles Steele, and, thus, it has failed to show he is a persistent offender with two or more prior convictions.

■ In *State v. Stanback,* 719 S.W.2d 896, 899 (Mo.App.1986), we stated that when the "defendant's first and last names are the same as the first and last names shown on the record of a previous conviction, the state has made a prima facie showing of identity." *Id.* at 899, citing *State v. McBurnett,* 694 S.W.2d 769 (Mo. App.1985). Thus, as we noted in *McBurnett,* where the defendant does not claim he is not the person so named, the evidence is sufficient to establish identity. *McBurnett,* 694 S.W.2d at 770–71. We believe this same rule applies when a defendant is charged under an alias name.

The state filed the information in lieu of an indictment, charging defendant as Houston Simms "aka Charles Steele" and alleging he had been convicted three times previously, twice in California. A copy of it was sent to defendant's counsel. At trial two California conviction records of

Charles Steele were introduced in evidence. The state made a prima facie case that he was the Charles Steele convicted in California, and defendant has not claimed that he is not that person. Therefore, the evidence is sufficient to support the court's determination that defendant is a persistent offender.

Judgment affirmed.

DOWD, P.J., and GARY M. GAERTNER, J., concur.