**STATE of Missouri, Plaintiff–Respondent,**

v.

**William MARTIN, Defendant–Appellant.**

**William MARTIN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 16908, 17185.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 11, 1991.

Brad B. Baker, Columbia, for defendant-appellant, movant-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Presiding Judge.

Following jury trial appellant was convicted of selling marijuana and sentenced as a prior and persistent offender to ten years' imprisonment. Appellant filed a direct appeal from that conviction and a Rule 29.15 motion. After an evidentiary hearing the motion was denied and appellant appealed from that denial. Pursuant to Rule 29.15(1), the appeals have been consolidated.

Appellant presents four points relied on, the first three relate to the criminal trial. None of appellant's points challenge the sufficiency of the evidence, so that will only be briefly mentioned as the evidence relates to appellant's points.

Appellant states in his first point that the trial court erred in overruling his challenge for cause of venireperson Melva Green "in that venireperson Green was unable to state unequivocally that she would not express partiality toward the testimony of a police officer." The request to strike Green at trial was not based on her partiality toward the testimony of a police officer,

rather it was because she knew several police officers, including the Joplin police chief.

The police officers known to Green neither testified nor were they on the list of potential witnesses. Following the denial of the motion to strike for cause, appellant removed Green from the jury list by a peremptory challenge.

■■■ The trial court has wide discretion in ruling on challenges for cause. *State v. Draper*, 675 S.W.2d 863, 865 (Mo. banc 1984). Simply knowing or being related to a police officer is not a basis for challenging a juror for cause. See *State v. Merritt*, 734 S.W.2d 926, 929 (Mo.App.1987); *State v. Williams*, 643 S.W.2d 832 (Mo.App.1982). See also *State v. Guy*, 770 S.W.2d 362, 366 (Mo.App.1989) (marriage to police officer not grounds for challenge). A challenge for cause must be "clear, definite". See *State v. Brown*, 364 Mo. 759, 267 S.W.2d 682, 690 (1954).

■■■ Appellant did not challenge Green on the basis of partiality to a police officer's testimony. Thus, the point was not presented to the trial court and preserved for our review. We find no plain error under Rule 30.20. Point one is denied.[1]

■■■ Appellant's second point also relates to jury selection. Appellant contends the trial court abused its discretion in not allowing his counsel to continue inquiring regarding venirepersons who had served as jurors having made up their minds prior to deliberation "in that such an area of inquiry, once opened by a juror's unsolicited response, was indicative of the jurors' ability to follow the instructions of the trial court".

Counsel asked the venire panel about prior jury service and learned that two of the panel had sat on the same case. Counsel then inquired of a venireperson whether his prior service with the other person would make him more likely to agree with that person. The potential juror said it would not, and the other venireperson re-

plied, "I think we all had our own mind made up when we went in."

Through additional questioning counsel learned that two other venirepersons also sat as jurors on that case. They said they had made their decision before deliberation. Counsel then asked how long the jury deliberated and respondent's counsel objected. The trial court sustained the objection and ruled that whether panel members had earlier reached a conclusion before deliberation in another case was irrelevant in this matter.

Appellant argues that such an inquiry is relevant to determine if the jurors would follow the instruction of the court, specifically, MAI–CR3d 302.05, which advises jurors that each "must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors."

The jurors indicated that the evidence in the previous case was overwhelmingly one sided. It is unrealistic to assume that jurors, at least in some cases, may not have reached certain conclusions before deliberations actually start. However, that is not to say that they might not be receptive to change during the deliberation process.

■■■ The nature and extent of questions addressed to venirepersons are subject to the discretionary control of the trial court which will be disturbed on appeal only when a manifest abuse is disclosed. *State v. Norton*, 681 S.W.2d 497, 498 (Mo. App.1984). The party asserting an abuse of discretion has the burden of demonstrating a real probability that he was prejudiced. *Id.*

■■■ A party is entitled to inquire as to whether jurors can follow the court's instructions on issues necessarily present in the case. *State v. Dixon*, 717 S.W.2d 847, 848 (Mo. banc 1986). Appellant's counsel did not do that, but instead inquired about what had occurred in previous cases. That is only marginally, if at all, related to this

---

1. Appellant's attorney moved to strike another venireperson on the basis that she would believe a police officer over someone else, and that

challenge was sustained. See *Draper*, 675 S.W.2d at 865.

case and no abuse of discretion or prejudice has been shown. Point two is denied.

In his third point, appellant contends that the trial court erred in finding him "to be a persistent offender ... in that the evidence consisted solely of certified copies of certain records from the Court of Common Pleas of Bradford County, Pennsylvania". Appellant contends that this did not provide proof beyond a reasonable doubt that he had committed two or more offenses at different times. See § 558.016, RSMo 1986 (since amended, see RSMo Supp.1990).

Respondent submitted what appeared to be authenticated copies of court records from Bradford County, Pennsylvania showing that on June 18, 1984, "William Lee Martin" was convicted of two separate charges of burglary, one committed on November 20, 1983, and the other on December 6, 1983. In this case, documents filed by appellant refer to him as "William L. Martin".

This is sufficient proof that appellant is a prior and persistent offender. Where a defendant's first and last names are the same as the first and last names shown on the record of previous convictions, there is a prima facie showing of identity. *State v. Simms*, 743 S.W.2d 465, 467 (Mo.App.1987). Point three is denied.

Appellant states in his fourth point that the trial court erred in denying his motion filed under Rule 29.15 as he received ineffective assistance of counsel because his trial counsel failed "to accurately advise appellant of his options prior to trial, specifically the full range of punishment to which he would be subject as a persistent offender". Appellant states he was prejudiced because he would not have requested a jury trial had he been correctly advised.

Review of the trial court's order denying the motion is limited to determining whether the findings and conclusions are clearly erroneous. Rule 29.15(j). Appellant has the burden of proving his ground for postconviction relief by a preponderance of the evidence. Rule 29.15(h). Credibility of the witnesses is generally a matter for the trial court's determination to

which this court gives considerable deference. *Case v. State*, 780 S.W.2d 681, 682 (Mo.App.1989).

Appellant's trial attorney testified that he advised appellant of his options and the range of punishment which he could be subjected to as a prior and persistent offender. The trial court made findings indicating belief in the attorney's testimony. Those findings had a basis in the evidence and were not clearly erroneous. Point four is denied.

The judgments are affirmed.

CROW and PARRISH, JJ., concur.