STATE of Missouri, Respondent,

v.

Ronald Charles CLEMENTS, Appellant.

Ronald Charles CLEMENTS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17582, 18043.

Missouri Court of Appeals,
Southern District,
Division Two.

March 10, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 24, 1993.

Application to Transfer Denied
April 20, 1993.

MONTGOMERY, Presiding Judge.

A jury convicted Ronald Clements (Defendant) of first degree murder, § 565.020,[1] and he was sentenced to life imprisonment without eligibility for probation or parole. In Case No. 17582, Defendant appeals from that conviction.

Afterwards, Defendant filed a pro se motion under Rule 29.15 for postconviction relief which was later amended by appointed counsel. An evidentiary hearing was held on February 7, 1992, resulting in a denial of Defendant's motion. In Case No. 18043, Defendant appeals from that denial. We have consolidated the appeals which will be separately addressed in this opinion.

This case is before us for a second time. In *State v. Clements*, 789 S.W.2d 101 (Mo. App.1990), we reversed Defendant's conviction for the first degree murder of Steven Newberry because of the erroneous admission of expert witness testimony which opined that Defendant deliberated about his evil act. The factual background of this case fully appears in *Clements I.* Since Defendant does not challenge the sufficiency of the evidence, we recite only the facts necessary to resolve each claim of error made by Defendant.

### No. 17582

Defendant's first point argues the trial court erred by admitting photographs of the body of Steven Newberry since they were gruesome, served only to inflame the passion and prejudice of the jury and had no probative value.

At trial, the State offered over objection five photographs which depicted the wounds suffered by the victim and the body at the crime scene. The evidence revealed that Defendant and his two accomplices beat the victim to death, striking him with baseball bats at least twenty times each. The body was then dragged and dumped into a nearby cistern where it was later discovered.

William J. Swift, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

---

1. All statutory references are to RSMo 1986, and all rule references are to Missouri Rules of Court (1992) unless otherwise indicated.

When passing photographs to the jury, the prosecutor stated, "... there are some of them that are fairly gruesome. If you don't want to view those, just pass them around." Defendant argues that comment was made solely to inflame the jury.

■ A trial court has broad discretion in determining the admissibility of photographs, and such admission is error only upon a showing of an abuse of discretion. *State v. Kincade,* 677 S.W.2d 361, 366 (Mo. App.1984). To establish an abuse of discretion, defendant must show that reasonable persons could not differ as to the propriety of the actions of the trial court. *State v. Jimerson,* 820 S.W.2d 500, 502 (Mo.App. 1991).

■ Photographs are generally admissible if they are relevant to a material issue. *State v. Murray,* 744 S.W.2d 762, 772 (Mo. banc 1988). Photographs, although gruesome, may be admitted where they show the nature and location of wounds, where they enable the jury to better understand the testimony, and where they aid in establishing any element of the state's case. *Id.*

■ The photographs of the murder victim show the nature and location of the wounds, which enabled the jury to better understand the testimony that the victim was struck approximately sixty times with baseball bats. Furthermore, deliberation was an element the State had to prove to establish first degree murder. The photographs tend to establish that element. Evidence that the victim was struck with a baseball bat some twenty times by Defendant is relevant to the issue of deliberation since it is reasonable to conclude that at least after the first blow, Defendant had time to deliberate before each succeeding blow. For these reasons, the photographs had probative value.

In *State v. Smith,* 756 S.W.2d 493 (Mo. banc 1988), the trial court admitted five photographs of the victim's body which was riddled with approximately fifty stab wounds. The Missouri Supreme Court upheld the admission of the photographs "because they showed the nature, location and apparent severity of the wounds." *Id.* at 498. Continuing, the Court said, " 'Insofar as these photographs are unpleasant, it is a reflection of the nature of the crime.' " *Id., quoting State v. Pollard,* 735 S.W.2d 345, 348 (Mo. banc 1987), *cert. denied,* 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 682 (1988).

Defendant argues these photographs lacked probative value and were unnecessary because he had stipulated as to the cause of death and admitted participating in the events which caused the death of the victim. This argument was rejected in *State v. Schneider,* 736 S.W.2d 392 (Mo. banc 1987), where the appellant argued the trial court erred in the admission of twenty-nine photographs depicting various stages of the autopsies of the victims and where appellant "was willing to stipulate to the nature and location of the wounds...." *Id.* at 403. Our Supreme Court held that "a photograph is not rendered inadmissible because other evidence may have described what is shown in the photograph; nor is the State precluded from introducing the photograph because the defendant expresses a willingness to stipulate to some of the issues involved." *Id.*

Relying on *State v. Floyd,* 360 S.W.2d 630 (Mo.1962), Defendant claims the comment of the prosecutor (some of the pictures are fairly gruesome) was only an attempt to inflame and prejudice the jury. *Floyd* does not support that argument.

In *Floyd,* a photograph was admitted showing the badly decomposed body of the victim. The Court recited the familiar rule that photographs are admissible to show "the nature and location of the wounds or the position of the body, as well as to corroborate the prosecution's theory as to the motive prompting the infliction of the lethal blow or to refute defendant's plea of self-defense, to prove the identity of deceased,...." *Id.* at 632. The Court concluded the photograph of the victim was not needed nor offered for any of the reasons just mentioned, especially since the State admitted the body was so badly decomposed "that most of these matters could not be found or illustrated, particularly by this photograph." *Id.* at 633. Thus, the conviction in *Floyd* was reversed

because the photograph was irrelevant, not for any comments by the prosecutor to the jury. We find no abuse of discretion in admitting the photographs in question. Point I has no merit.

Each of Defendant's last three points of his direct appeal ask for our plain error review since his trial counsel[2] failed to object to certain testimony elicited by the State and to a portion of the State's closing argument. Plain error may be considered in our discretion upon a finding that manifest injustice or a miscarriage of justice has occurred. Rule 30.20.

■ "The assertion of plain error places a much greater burden on a defendant than when he asserts prejudicial error." *State v. Hunn*, 821 S.W.2d 866, 869 (Mo.App. 1991). "A defendant must not only show that prejudicial error resulted, he must further show that the error so substantially affects his rights that manifest injustice or a miscarriage of justice will inexorably result if left uncorrected." *Id.* at 869–70.

We are further mindful of a recent admonition regarding plain error review in *State v. Drewel*, 835 S.W.2d 494 (Mo.App.1992). "We do not expect trial judges to assist counsel in the trial of a lawsuit. Too often they are accused of trying 'my lawsuit.' They preside to judge a lawsuit. *Sua sponte* action should be exercised only in exceptional circumstances." *Id.* at 498. Keeping this legal background in mind, we turn to Defendant's next three points.

His second point alleges the trial court committed plain error by allowing the prosecutor to ask a defense expert witness, Dr. Daniel, whether Defendant was suffering from a mental disease or defect, as defined by Chapter 552, at the time in question. Without objection, the psychiatrist answered this question in the negative.

■ "Generally, expert testimony is admissible if it is clear that the subject of such testimony is one upon which the jurors, for want of experience or knowledge, would otherwise be incapable of drawing a proper conclusion from the facts in evidence." *State v. Lawhorn*, 762 S.W.2d 820, 822 (Mo. banc 1988). An expert may testify as to his opinion on an ultimate issue in a criminal case, but the evidence must aid the jury and it must not invade the province of the jury. *State v. Cummings*, 714 S.W.2d 877, 885 (Mo.App.1986). It is within the trial court's sound discretion whether to admit an expert's testimony. *Id.*

In *State v. Brigham*, 709 S.W.2d 917 (Mo.App.1986), defendant was charged with second degree murder of his ex-wife. After offering testimony of his hired psychologist during trial, defendant withdrew his plea of not guilty by reason of mental disease or defect. Defendant then called another psychologist, Dr. McWay, who testified during cross-examination that defendant had no mental disease or defect and was capable of forming the intent to kill. The jury was instructed on diminished capacity under § 552.030.3, RSMo 1978 (now repealed). Contrary to defendant's assertions, this Court said, "The mental status of the defendant was a proper subject for expert testimony. The subject of his expert opinion was not common knowledge and it was not barred because it invaded the province of the jury. *Id.* at 920 (citations omitted).

■ Here, Defendant heavily relies on *Clements I* where this Court, reviewing for plain error, reversed Defendant's conviction when an expert, Dr. Harte, testified in his opinion Defendant had deliberated prior to killing the victim. This Court said:

Dr. Harte had professional qualifications and an opinion, based upon case history and examination, with regard to defendant's mental condition. Dr. Harte was not an expert, however, on the paramount issue of whether, at the time of the homicide, defendant in fact deliberated. The determination of that issue was within the capability of lay jurors. Deliberation was an ultimate issue for the jury alone under appropriate instructions.

789 S.W.2d at 110.

Defendant argues an opinion that he was not suffering from a mental disease or

---

defect is the same as an opinion that he deliberated. We disagree. Whether Defendant deliberated was an ultimate issue which was within the capability of lay jurors to determine as we said in *Clements I.* On the other hand, whether Defendant had a mental disease or defect is a proper subject of expert testimony since the subject matter is outside the realm of the jury's common knowledge. An expert is allowed to testify on an ultimate issue if his opinion aids the jury. *State v. Cummings, supra.*

Section 552.015.2(2) clearly provides that evidence on whether defendant suffers from a mental disease or defect is admissible to determine if defendant is criminally responsible under § 552.030. The expert's opinion on Defendant's mental condition was admissible to aid the jury in determining Defendant's criminal responsibility under the latter statute. The expert did not testify Defendant deliberated or was responsible for his conduct at the time in question. Point II does not reveal that manifest injustice or a miscarriage of justice has occurred which rises to the level of plain error.

Defendant's next point contends plain error occurred when the trial court allowed the prosecutor to introduce evidence and to inform the jury during opening statement that the victim "took communion" the day of his death. Defendant claims this evidence was irrelevant and designed to inflame the jury.

In matters involving admission of evidence appellate courts review for prejudice, not mere error. *State v. Whitley,* 750 S.W.2d 728, 730 (Mo.App.1988). Reversal is required only if the error was so prejudicial that defendant was deprived of a fair trial. *Id.* Furthermore, "[a]dmission of irrelevant testimony may be considered as harmless error when strong evidence of defendant's guilt exists." *State v. Girardier,* 801 S.W.2d 793, 796 (Mo.App.1991).

In the instant case there was overwhelming evidence of Defendant's guilt in view of his confessions and trial testimony. Defendant never denied participation in the murder. His defense was purely lack of responsibility for his criminal conduct. Irrelevant or not, the testimony concerning communion was not prejudicial to Defendant, and we find no manifest injustice occurred upon admission of such testimony.

Defendant's fourth point claims the trial court committed plain error when it did not declare a mistrial, *sua sponte,* when the prosecutor argued the defense was asking the jury "to release" Defendant because of his mind.

Before trial commenced, the court sustained Defendant's Motion in Limine. The State was ordered to make no reference to the fact that if Defendant was found not guilty by reason of mental disease or defect he could be released at a later time. Assuming, without deciding, the prosecutor's argument violated this order, defense counsel offered no objection to the argument.[3] It is reasonable to conclude defense counsel (1) believed the comment did not violate the order or (2) strategically determined to ignore the remark to build in error. Obviously, defense counsel was mindful of the possibility of such an argument or he would not have filed the Motion in Limine in the first place.

"Relief should be rarely granted on assertion of *plain error* to matters contained in closing argument, for trial strategy looms as an important consideration and such assertions are generally denied without explication." *State v. Wood,* 719 S.W.2d 756, 759 (Mo. banc. 1986). *See State v. Bogue,* 788 S.W.2d 772, 775 (Mo. App.1990); *State v. Brass,* 781 S.W.2d 565, 567 (Mo.App.1989). Review is also rare under these circumstances because, "in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Clemmons,* 753

---

**3.** The fact that the trial court sustained Defendant's Motion in Limine does not automatically result in permanent exclusion of the prosecutor's reference to "release" of Defendant. Such ruling is interlocutory in nature and can be altered by the court at trial. An objection is required at trial when the evidence is offered in order to preserve for appellate review the ruling made thereon. *State v. Makenson,* 679 S.W.2d 427, 429 (Mo.App.1984).

S.W.2d 901, 907–08 (Mo. banc 1988). Certainly, it is possible defense counsel had a sound strategical reason not to request a mistrial. *See State v. Feltrop*, 803 S.W.2d 1, 18 (Mo. banc 1991).

In effect, Defendant's counsel argued Defendant should be acquitted (released) even if he were sane since his state of mind would not allow him to deliberate. In retaliation, the prosecutor argued in essence that it was unusual that the same mind warranting release according to defense counsel could remember precise details of the crime three and a half years later.

Even when a prosecutor's argument might otherwise be improper, "it is permissible for him to retaliate in regard to an issue raised by an accused's argument." *State v. Allen*, 710 S.W.2d 912, 917 (Mo. App.1986); *State v. Hill*, 808 S.W.2d 882, 887 (Mo.App.1991). Under the circumstances here we find the prosecutor's argument was in retaliation to that of defense counsel, and no plain error occurred.

### No. 18043

On this appeal from denial of his postconviction relief motion, Defendant alleges his counsel was ineffective for (1) failure to move to quash the venire panel after the prospective jurors allegedly observed Defendant in shackles prior to trial and (2) failure to examine the venire panel on whether the impact of observing Defendant in shackles created any misconceptions of his guilt or innocence.

 Appellate review of the trial court's order denying the motion for postconviction relief is limited to determining whether the trial court's findings and conclusions are clearly erroneous. *State v. Martin*, 815 S.W.2d 127, 130 (Mo.App. 1991). Defendant has the burden of proving his grounds for postconviction relief by a preponderance of the evidence. *Id.* The trial court's findings and conclusions are clearly erroneous if, after reviewing the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *State v. Leisure*, 810 S.W.2d 560, 575 (Mo.App.1991).

The trial court's Findings of Fact and Conclusions of Law determined that "the

Movant being escorted by officers near where the jury panel was seated on his way to the courtroom on the second floor for initial voir dire examination, with no evidence that he was observed or recognized by members of the jury panel, and, thereafter, the panel appearing in the courtroom with Movant having no personal security devices, is not prejudicial, particularly when not complained of at the time when corrective action could have been taken by the court."

 In assessing the performance of counsel for purposes of determining claims of ineffective assistance of counsel, the focus is on (1) counsel's performance, and (2) if that performance is deficient, whether prejudice resulted from counsel's breach of duty. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857–58 (Mo. banc 1987).

A criminal defendant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so. *Id.* at 857.

 Here, Defendant has shown no prejudice in that he testified a deputy escorted him in shackles and handcuffs past an area in the courthouse where a number of prospective jurors were assembled. Defendant testified these people were sitting in an area designated as a jury waiting area and could clearly view him. However, Defendant has made no showing that any of these prospective jurors actually viewed his entrance into the courthouse or later recognized him in the courtroom.

 The motion court is not required to believe the testimony of the movant or any other witness at an evidentiary hearing, even if uncontradicted, and an appellate

647

court must defer to the motion court's determination of credibility. *Proctor v. State*, 809 S.W.2d 32, 36 (Mo.App.1991).

Furthermore, even if Defendant was viewed in shackles by the venire panel prior to trial, this fact alone is not proof of prejudice. The Court in *State v. McMillian*, 779 S.W.2d 670 (Mo.App.1989), said it has long been the rule in this state that " 'a brief, inadvertent exposure of the jury [to] a handcuffed defendant while he is being taken from one place to another does not deprive defendant of a fair trial.' " *Id.* at 672. At most, and taking Defendant's testimony as true, the record in this case shows only a brief, inadvertent exposure of the venire panel to Defendant in shackles. We do not have a firm belief that a mistake was made by the motion court in denying Defendant's motion, nor do we believe the motion court's conclusions are clearly erroneous. Point V lacks merit.

In his final point, Defendant contends the trial court plainly erred in giving MAI–CR 3d 302.04, defining proof beyond a reasonable doubt as proof that leaves jurors "firmly convinced." He relies mainly on *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). This contention has been repeatedly considered and rejected. *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987); *State v. Griffin*, 818 S.W.2d 278 (Mo. banc 1991).

Defendant's last point is denied and the judgment is affirmed.

PREWITT and GARRISON, JJ., concur.