STATE of Missouri, Plaintiff–
Respondent,

v.

Jason MATHIS, Defendant–Appellant,

and

Jason MATHIS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 19922, 20436.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 13, 1996.

Rose M. Wibbenmeyer, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Blegen, Assistant Attorney General, Jefferson City, respondent.

PARRISH, Judge.

Jason Mathis (defendant) was convicted, after a jury trial, of the class A felony of assault in the first degree. § 565.050.[1] Following his conviction, he filed a motion for post-conviction relief pursuant to Rule 29.15. The motion court dismissed the Rule 29.15 motion.

Defendant appeals the judgment of conviction in his criminal case (No. 19922) and the order dismissing his Rule 29.15 motion (No. 20436). The appeals were consolidated pursuant to Rule 29.15(l) as it existed on the date the motion was filed.[2] This court affirms the judgment of conviction in No. 19922, reverses the order of dismissal in No. 20436 and remands the Rule 29.15 motion.

On September 19, 1992, defendant was a passenger in a car driven by Shaun Davis.

The Davis automobile was stopped at a traffic signal at Rolla, Missouri, alongside another car in which Jeffrey Sands was a passenger. The windows of both cars were down.

Davis and defendant were staring at the occupants in the car in which Sands was a passenger. Words were exchanged between occupants of the two vehicles. The cars proceeded to a nearby parking lot where an altercation occurred.

Defendant confronted Sands, who attempted to walk away. Sands was pushed back toward defendant by people in a crowd that had gathered. Sands attempted to turn from defendant when defendant hit him in the face. Sands fell to the ground. Defendant kicked him in the head. Defendant was pulled away from Sands and help was summoned. Sands did not move. There was a pool of blood around his head.

Sands regained consciousness by the time paramedics arrived. He declined their offer to help. Later that night he was taken to a hospital at Rolla where it was determined that he had blood clots in his brain. The next day Sands was taken to University of Missouri Medical Center at Columbia. He was diagnosed as having an extensive brain contusion involving the left frontal and temporal lobes with an associated hematoma. A craniotomy was performed and a large blood clot was removed from his brain.

Due to severe swelling, a bone plate, or "bone flap," was left out of Sands' head. The scalp was closed without the bone plate in order to permit swelling rather than compression of the deeper centers of the brain. Additional surgery was performed six months later to replace the bone plate in his skull.

Jeffrey Sands developed epilepsy which requires daily medication. He walks with a limp and has no feeling in his right arm. The physician who performed the surgery on

---

1. References to statutes are to RSMo 1986.

2. Defendant's sentence in the criminal case was pronounced October 20, 1994. Defendant's Rule 29.15 motion was filed May 25, 1995. *See* Rule 29.15(m).

him testified that these injuries were consistent with one or more blows to the head.

The state's evidence included four photographs of Jeffrey Sands taken after the surgeries, State's Exhibits 6, 8, 12 and 20. State's Exhibits 6 and 20 were photographs taken after the first surgery. State's Exhibits 8 and 12 were photographs taken after the second surgery.

Defendant presents two points on appeal. The first is directed to No. 20436, the Rule 29.15 proceeding; the second to the direct appeal.

■ Defendant's pro se Rule 29.15 motion was dismissed without appointing counsel to represent him in that proceeding. Point I contends this was error in violation of Rule 29.15(e).[3] The state correctly concedes this as error. Rule 29.15(e) states, "When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant." It then prescribes the duties imposed on counsel so appointed.

Point I is granted. No. 20436 must be reversed and remanded. Upon remand the motion court shall appoint counsel for defendant unless it ascertains that defendant is not indigent.

Point II is directed to the photographs admitted in evidence at defendant's trial. It asserts the trial court erred in admitting in evidence "photographs denominated State's Exhibits 6, 8, 12, and 20, photographs of Jeff Sands following brain surgery and including a sign stating 'caution—no bone flap' on Jeff's bandaged head, because the admission of the photographs deprived [defendant] of his rights to a fair trial and to be judged by a fair and impartial jury, ... in that any probative value the photographs may have had was outweighed by their prejudicial effect, as the photographs were cumulative, repetitious

and unduly inflammatory since defense conceded that there was serious physical injury."

■ "A trial court has broad discretion in determining the admissibility of photographs, and such admission is error only upon a showing of an abuse of discretion." *State v. Clements,* 849 S.W.2d 640, 643 (Mo. App.1993).

Photographs are generally admissible if they are relevant to a material issue. *State v. Murray,* 744 S.W.2d 762, 772 (Mo. banc 1988). Photographs, although gruesome, may be admitted where they show the nature and location of wounds, where they enable the jury to better understand the testimony, and where they aid in establishing any element of the state's case. *Id.*

*Id.*

■ The photographs about which defendant complains were filed with this court. State's Exhibit No. 6 is a photograph of Jeffrey Sands taken in the intensive care unit of University of Missouri Medical Center after the first surgery. Mr. Sands is in a bed. His head is not bandaged. The surgical scar is evident. It begins in front of his left ear and runs along the top of the ear to the back part of the left side of Mr. Sands' head.

State's Exhibit No. 20 was also taken at the University of Missouri Medical Center. It is a photograph of Mr. Sands. He is in a hospital bed. His head is bandaged. A writing is evident on the left side of the bandage that states, "—CAUTION—NO BONE FLAP".

State's Exhibit No. 8 is a photograph taken at University of Missouri Medical Center following Jeffrey Sands' second surgery. It shows Mr. Sands in a hospital bed. His head is bandaged. Trial testimony explained that it was taken in the neurosurgical intensive

---

**3.** The motion court dismissed defendant's pro se motion by means of a docket entry stating, "In chambers, the court takes up the motion herein filed and on its face the court finds that said motion fails to state a cause of action upon which relief under this rule can be granted; case is dismissed; Clerk to notify movant. /s/ JDW"

The order provides no clue as to what the motion court found to be deficient. This court notes that defendant's signature on his pro se motion was not notarized. In the event the motion court is troubled by that omission, it may wish to review *State v. White,* 873 S.W.2d 590, 593–94 (Mo. banc 1994).

care unit after surgery was performed to replace the "bone flap" that was removed during the first surgery to facilitate swelling of Mr. Sands' brain.

State's Exhibit No. 12 is a photograph of Mr. Sands' head taken after he returned to his home following the second surgery. His head is not bandaged. A long scar is evident. The scar runs from the top of the left ear to the back left side of Mr. Sands head, up and to the front of his head. The witness who identified the picture was asked if it showed the extent of the incision and the extent of the bone that was removed. She answered that it did, explaining, "That entire area, there was no bone there. The only thing covering his brain was his scalp."

Defendant was charged with the class A felony of assault in the first degree. He was accused of attempting to cause serious physical injury to Jeffrey Sands by striking him in the head and kicking him in the head, thereby inflicting serious physical injury. In order for assault in the first degree to be a class A felony, it must be shown that in the course of the assault, the defendant inflicted serious physical injury on the victim. If this is not shown, the offense is a class B felony. *See* § 565.050.2.

The photographs aided the state in establishing the element of serious physical injury. They were relevant for that purpose. "Once the prosecution establishes the relevance of the photographs to a material issue in the case, even where the defendant does not contest but concedes the issue, the trial court apparently has the sole discretion to determine whether the prejudicial effect outweighs the photograph's probative value." *State v. Leisure,* 772 S.W.2d 674, 681 (Mo. App.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 724, 107 L.Ed.2d 743 (1990).

Additionally, the photographs assisted the jury in understanding the medical testimony. They revealed scars from both surgeries that depicted the location of the procedures. The trial court did not abuse its discretion in admitting the exhibits in evidence. Point II is denied.

The judgment of conviction in No. 19922 is affirmed. The order dismissing the Rule 29.15 motion in No. 20436 is reversed and remanded in order to ascertain if movant is indigent and, in the event movant is determined to be indigent, to appoint counsel for him pursuant to Rule 29.15(e).

SHRUM, C.J., and PREWITT, P.J., concur.