**Darryl COLBERT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 56116.**

Missouri Court of Appeals,
Western District.

Oct. 12, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 23, 1999.

Application for Transfer Denied
Jan. 25, 2000.

---

**2.** We deny Botanicals' motion for sanctions against Microcode for violations of Rules 55.03(b), 84.04(c) and (e), and 84.19.

Rosemary E. Percival, Kansas City, for appellant.

John Munson Morris, Jefferson City, for respondent.

Before: Presiding Judge LAURA DENVIR STITH, Judge LOWENSTEIN and Judge RIEDERER.

HAROLD L. LOWENSTEIN, Judge.

This is an appeal from the denial of a motion for relief under Rule 29.15. Movant was convicted of one count of forcible rape, one count of kidnapping, and one count of first degree robbery. He received respective consecutive sentences of life, fifteen and thirty years. The facts of Movant's underlying case are gleaned from this court's opinion in *State v. Colbert*, 949 S.W.2d 932, 938—39 (Mo.App.1997).

In January of 1994, Appellant confronted L.P. in front of her home as she was getting out of her car. Appellant told L.P. not to scream or he would shoot her and ordered her into the back of her car. Appellant then drove away from L.P.'s house, and ordered her to give him her money and wedding ring. After stopping the car on a dead end street, Appellant raped L.P., and then began to drive again. Appellant told L.P. that if she notified the police he would kill her. Appellant then stopped the car, got out and told L.P. to drive away. L.P. returned home and told her husband of the incident, who then transported her to the emergency room for an examination.

Subsequently, a detective for the KCPD learned that a man on a surveillance videotape matching L.P.'s description of her attacker was currently in custody for a recent arrest. The detective placed Appellant in a line up, where L.P. identified Appellant as the individual who had kidnapped and violently raped her. After the line up, Appellant heard two officers discussing the surveillance videotape. Appellant then waived his Miranda rights and after viewing the videotape, admitted to committing the crime by stating "I did it." Appellant related a number of details which matched L.P.'s story and signed a written statement. The victim identified Colbert, and the DNA analysis matched Colbert as the perpetrator.

The opinion in *Colbert*, covered the direct appeal, and a multitude of points raised in the denial of the Rule 29.15 motion. The only issue in that appeal which was not affirmed was the postconviction point stating that trial counsel was ineffective for failing to convey to Colbert an alleged plea offer from the state of twenty-five years for rape, and five years each on the kidnapping and robbery charges, the latter two to run concurrently with each other, but consecutive to the rape conviction. *Id.* at 945–7.

This court found the failure to grant an evidentiary hearing on this point was in error since facts in the petition were not conclusively refuted by the record. This appeal is from the hearing held after remand on this point, which resulted in a judgment adverse to the Movant. The crux of this appeal is whether, prior to the criminal trial, a *second* offer (described above for a total of thirty years) was made by the state, but not conveyed by counsel to the Movant. The facts are somewhat complicated by the fact that a *first* offer (life on the rape count with the other two dismissed) had been made by the prosecutor to Movant's first lawyer and rejected by Movant. The second offer, the one now at issue, was alleged to have been made to the first lawyer the day she was advised by the Movant he had obtained private counsel. The second lawyer, who tried the case, testified he knew nothing about a second offer of a total of thirty years. (He did know of the first offer, which, as with prior counsel, was rejected by Movant.)

A brief recitation of the facts pertinent to hearing on the Rule 29.15 issue which was remanded, is now in order.

Movant was represented by Ms. Shostak of the Public Defender's Office from mid-March, 1994, to early August, 1994. On June 30, 1994, the state notified Ms. Shostak it was offering to dismiss the robbery and kidnapping counts if Colbert would plead guilty to the rape count and receive a sentence of life imprisonment. This offer was rejected by Colbert because he believed he could get a shorter sentence after a trial.

Subsequently, Ms. Shostak testified that on August 5, 1994, the state made a second offer of a sentence of twenty-five years on the rape count, running consecutively to two concurrent five-year terms on the robbery and kidnapping counts, for a total of thirty years imprisonment. Ms. Shostak remembered the conversation with the assistant prosecuting attorney, but did not receive anything in writing from the state. She testified she made a notation of this offer in her file.

That same day at the jail, Movant informed Ms. Shostak that he had hired private counsel, Mr. Rostov. Ms. Shostak told Colbert that his new attorney should contact her, but did not discuss that day's alleged plea offer with him. Colbert's new counsel contacted Ms. Shostak later that day, but she did not recall talking about that day's plea offer. Ms. Shostak also stated that she would have recommended that Appellant take the offer in light of the State's strong case.

After Rostov took over the case, the state, by letter dated November 1, 1996, again extended the first offer to Colbert. (Life imprisonment on the forcible rape charge, and a dismissal on the other charges.) However, Mr. Rostov could not recall receiving the letter or discussing it with Colbert. He also learned of the second offer only after he tried the case.

Movant testified he had been told of the state's first offer by both of his attorneys, which he twice rejected. He also testified that prior to the January 1995 trial, he believed there was strong evidence against him and a real possibility of a long sentence if convicted. Colbert testified that he did not learn of the alleged second offer until after he was convicted, and stated that he would have accepted the second plea offer had he known of it.

However, the victim testified that she had been in contact with the assistant prosecutor, Ms. Smith, during the proceedings prior to trial. The victim had been told of the first plea offer, but had never been advised that a second offer had been made. Ms. Smith testified she made the first offer, and recalled it when she reviewed the victim's advocate file. Ms. Smith did not recall making the alleged offer in question, or any other offer. Further, she did not remember having any conversations with Ms. Shostak to that effect, nor did her files include any notation of a second offer. Ms. Smith testified that if she had made the second offer, she would have told the victim about it and would have documented it. She was not aware of any reasons why she would have made a second, lower plea offer, considering the DNA evidence had come back positive and the victim's deposition had gone well. Additionally, the prosecutor's file included only the one letter to Mr. Rostov offering life imprisonment on the forcible rape charge.

■ In all criminal prosecutions, the accused party shall have the right to effective assistance of counsel for their defense *Strickland v. Washington,* 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Gideon v. Wainwright,* 372 U.S. 335, 339, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). A Rule 29.15 motion allows for the correction of a conviction under a number of claims, including ineffective assistance of counsel. Appellant moves for such a correction, asserting he would have accepted the second offer which was more favorable to him than the sentence.

The motion court, in denying Colbert's motion, among other reasons, specifically concluded "... there is insufficient credible evidence to establish that a second plea offer was extended by the state. All of the state's witnesses testified that there was only one plea offer, a life sentence on a single count of rape. This plea offer was made to both attorneys who represented appellant and was the only offer which was memorialized in a letter to defense counsel."

The Movant's success on this Rule 29.15 motion is hinged upon a finding that the second, thirty-year offer was indeed tendered by the state. Review of the judgment is under the standard set in *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

On this appeal, the review is limited only to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *See* RULE 29.15(k); *Day v. State,* 770 S.W.2d 692, 695 (Mo.1989); *Sidebottom v. State,* 781 S.W.2d 791, 795 (Mo.1989). Findings and conclusions are deemed clearly erroneous only if a full review of the record leaves the definite and firm impression that a mistake has been made. *See Day* 770 S.W.2d at 695–6; *Stokes v. State,* 688 S.W.2d 19, 21 (1985). The motion court is not required to believe the testimony of the movant or any other witness at an evidentiary hearing, even if uncontradicted. *State v. Clements,* 849 S.W.2d 640, 646 (Mo.App.1993); *Proctor v. State,* 809 S.W.2d 32, 36 (Mo.App.1991). Moreover, this court must defer to the motion court's determination of credibility. *See* RULE 29.15; *Clements,* 849 S.W.2d at 646–7; *Proctor,* 809 S.W.2d at 36.

In the case at bar, the motion court found that Colbert had not presented sufficient credible evidence to establish that a second offer was ever extended by the state. *See Clements,* 849 S.W.2d at 646; *Proctor,* 809 S.W.2d at 36. During the evidentiary hearing, Colbert's only evidence of the second offer was Ms. Shostak's testimony of a phone message from the prosecutor on the day the offer was supposedly issued, and her memory of the alleged offer. The motion court was free to disbelieve this evidence.

The motion court was free to believe the following evidence: L.P. testified that while she was kept abreast of the prosecution of Appellant, she had never been told of the alleged second plea offer. Furthermore, Ms. Smith stated she did not find any notations about the second offer in any files, and that it would be unlikely to offer such a plea due to the strong nature of the State's case at that time. Finally, while a letter had been sent to Appellant confirming the first offer, no such letter was sent regarding the alleged second offer. *See Clements,* 849 S.W.2d at 646; *Proctor,* 809 S.W.2d at 36.

Colbert asserts that his claim falls under *State v. Stillings,* 882 S.W.2d 696, 704 (Mo. App.1994) (a convicted party will obtain post conviction relief on the basis that his lawyer did not relay a prosecutor's plea offer if the accused can demonstrate a reasonable probability that he would have accepted the offer). Even if this contention is true, Colbert must first establish that there *was a plea offer. See Strickland,* 466 U.S. at 690, 104 S.Ct. 2052; *Sidebottom,* 781 S.W.2d at 795; *Stillings,* 882 S.W.2d at 696.

After the evidentiary hearing, the motion court determined there was not a second plea offer extended, ruling that there was sufficient credible evidence presented by the State to rebut Colbert's claim. Here, Movant has failed to prove there was indeed a second plea offer. Therefore, a full review of the record leaves the definite and firm impression with this court that the motion court's ruling was not clearly erroneous. *See Day,* 770 S.W.2d at 695–6; *Stokes,* 688 S.W.2d at 21. The ruling that a second offer was never made obviates the necessity to examine whether or not a plea court

would have accepted such a plea agreement.

The judgment is affirmed.

All concur.