**Michael Arlen WELCH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 43117.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1981.

Rehearing Denied Aug. 6, 1981.

Richard K. Kuntze, Cape Girardeau, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Stephen N. Limbaugh, Jr., Pros. Atty., Cape Girardeau, for respondent.

CRIST, Presiding Judge.

Rule 27.26 proceeding. Movant appeals the denial of his Rule 27.26 motion without evidentiary hearing. We affirm in part but amend movant's sentence to conform with the terms of the plea agreement.

On December 4, 1978, movant pleaded guilty, in the instant cause No. 751498, to burglary and stealing. At that time, movant was awaiting sentencing in another earlier cause No. 751163. The prosecuting attorney made a recommendation to the court that any sentence imposed in the instant cause No. 751498 run concurrently with any sentence imposed in the earlier cause No. 751163.

After defendant's guilty plea in the instant cause No. 751498, but before imposition of sentence thereon, defendant was sentenced to consecutive four (4) and three (3) year terms of imprisonment in the earlier cause No. 751163. On January 2, 1979, movant was sentenced in the instant cause No. 751498 to two (2) concurrent five (5) year terms of imprisonment to run *consecutively* with the sentence imposed in the earlier cause No. 751163. This sentence failed to conform with the prosecutor's recommendation that sentence imposed in the instant cause No. 751498 run *concurrently* with sentence imposed in the earlier cause No. 751163.

Movant's contention that he was not informed that the court was rejecting the plea agreement before entering his guilty plea is supported by the record. The record also reveals that the guilty plea judge did not allow defendant to withdraw his guilty plea once the plea agreement was rejected, contrary to the requirements of *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978). In all other respects, however, the record supports the Rule 27.26 judge's finding that

defendant's guilty plea was voluntarily, knowingly and intelligently made. We disagree with movant's contention that he was entitled to an evidentiary hearing based on his allegation that he

> Was mislead [sic] by his attorney to believe the replies which he gave at his plea of guilty were merely formalities which were necessary to gain the sentencing concession which had been offered to him pursuant to the terms of the plea bargain, i. e. that the sentences imposed would run concurrently with all other sentences.

*Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974).

The question presented is whether or not movant is entitled to plead anew. We think not. Movant was, under the specific facts of this case, entitled to no more than the benefits of his plea bargain with the prosecutor. See, *Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) and *United States v. Ewing*, 480 F.2d 1141 (5th Cir. 1973). He was informed by the trial court that it would not be bound by the plea agreement with the prosecuting attorney. Movant entered his plea with knowledge that, albeit contrary to *Schellert*, the sentences in the instant cause No. 741498 might be ordered to run *consecutively* with the sentences in the earlier cause No. 751163. The most that movant could have hoped for was that the sentences in the two causes run *concurrently*.

The judgment of the trial court is affirmed in all other respects except that movant's sentences in the instant cause No. 751498 are amended to run concurrently with the sentences imposed in the earlier cause No. 751163.

REINHARD and SNYDER, JJ., concur.