**Charles F. PROCTOR, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 43141.**

Missouri Court of Appeals,
Western District.

March 12, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1991.

Application to Transfer Denied
June 11, 1991.

J. Gregory Mermelstein, Columbia, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

FENNER, Judge.

Appellant, Charles F. Proctor, appeals rulings in this consolidated appeal on two separate post-conviction motions. In the first matter, the motion court sustained appellant's Rule 24.035 motion and ordered that appellant be resentenced before a new

judge. In the second matter, the motion court denied a motion to vacate judgment and sentence pursuant to Rule 29.15.

## APPELLANT'S RULE 24.035 MOTION

On February 11, 1987, appellant entered a plea of guilty to charges of stealing, § 570.030, RSMo 1986,[1] burglary in the second degree, § 569.170, and unlawful use of a weapon, § 571.030.1(4). Appellant was sentenced to terms of three years, six years and three years respectively to run consecutively.

Appellant filed a pro se Rule 24.035 motion on March 2, 1988. Appellant claimed, among other matters, that the prosecutor had agreed that if appellant pled guilty the state would make no recommendation to the court on sentencing.

Counsel was appointed on behalf of appellant and an evidentiary hearing was held. The motion court entered its Findings of Fact, Conclusions of Law and Order sustaining appellant's Rule 24.035 motion on the grounds that the prosecutor had breached the plea agreement with regard to sentencing. The motion court ordered specific enforcement of the plea bargain and directed that appellant be resentenced before a different judge. In this appeal, appellant claims that he should have been allowed to withdraw his guilty pleas.

■ Appellate review of a motion court's disposition of a Rule 24.035 or Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); Rule 29.15(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), cert. denied, sub nom. *Walker v. Missouri*, — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made by the motion court. *Id.* at 696.

■ Rule 24.035(i) provides in pertinent part that "... [i]f the court finds ... that there was a denial or infringement of the rights given movant by the constitution of Missouri or the constitution of the United States as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the movant or resentence him or order a new trial or correct the judgment and sentence as appropriate." The appropriate remedy is within the discretion of the trial court.

■ The motion court found that the prosecutor handling the charges against appellant had agreed to dismiss a class X offender allegation and to make no sentencing recommendation upon appellant entering pleas of guilty to the charges. The motion court found that at sentencing the court asked for any comments from both defense counsel and the prosecutor, at which point the prosecutor voiced objection to any consideration that appellant's sentences be ordered to run concurrently. The motion court found that the prosecutor's objection to concurrent sentences was a breach of the plea agreement.

In considering the relief to which appellant was entitled the motion court found as follows:

Having decided that the plea agreement was breached in this case and that as such the Movant's rights were violated so as to sustain a Rule 27.26 motion to vacate the sentences imposed, the only issue left for determination is the appropriate relief to be granted. In that regard, there are several options available. The Movant must be either resentenced by a different judge in conformity with the plea agreement, or he must be given the opportunity to withdraw his pleas of guilty, whichever the circumstances of the case require to reach a just and lawful result. In that regard, this Court finds that Movant entered knowledgeable, voluntary and factual pleas of guilty and that under the circumstances of this case justice does not require allowing Movant to withdraw his pleas of guilty. The interest of justice and appropriate recognition of the duties of the

---

**1.** All statutory references are to RSMo 1986.

prosecution in relation to promises made in the negotiation of pleas of guilty can be best served in this case through specific performance of the plea agreement before a different judge on resentencing.

The relief of resentencing before a new and impartial judge who has not been tainted by the improper remarks of the Assistant Prosecuting Attorney places the Movant in the precise position in which he would have been had the plea agreement been followed. Consequently, the Movant cannot be heard to object when he receives exactly what he had bargained for in the first place. The Movant will once again be placed in the same position that any Defendant would be placed prior to sentencing, including being able to point out any discrepancies or inaccuracies in the pre-sentence investigation and arguing for leniency, etc.

The motion court ordered appellant's sentences set aside and directed that appellant be resentenced by a different judge in compliance with the plea agreement. This disposition was within the discretion of the motion court and was not clearly erroneous.

The United States Supreme Court has held in cases of this nature as follows: "the ultimate relief to which petitioner is entitled we leave to the discretion of the state court which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty." *Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).

In *Shepard v. State* 549 S.W.2d 550, 554 (Mo.App.1977), this court cited to *Santobello* in recognition that under *Santobello*, defaulted plea bargains must be remedied. The court in *Shepard* further recognized that under *Santobello* the trial court has discretion to decide whether the circumstances of the case required specific per-

formance of the plea bargain, in which event the defendant should be resentenced before a different judge, or whether the defendant should be granted the opportunity to withdraw his guilty plea.

In *Shepard*, the cause was remanded for a determination of whether there was a defaulted plea bargain, "and thereafter for such proceedings as are then appropriate under this decision." 549 S.W.2d at 554. By so ordering, the question of the appropriate remedy for any defaulted plea bargain was left to the discretion of the court below.

In *Welch v. State*, 620 S.W.2d 401 (Mo. App.1981), the appellate court denied the defendant the opportunity to withdraw his guilty plea upon finding that the sentencing court failed to follow the terms of a plea bargain. Citing *Santobello v. New York*, the court in *Welch* held that the defendant was not entitled to plead anew, but rather under the specific facts presented, that the defendant was entitled to no more than the benefits of his plea bargain. In *Welch*, the appellate court ordered the defendant's sentences to run concurrent with, rather than consecutive to, the defendant's sentences in an earlier case, in accordance with the terms of the plea bargain.

The Eighth Circuit Court of Appeals has found that "when the government breaches its promise to remain silent at sentencing, resentencing is required." *U.S. v. McCray*, 849 F.2d 304, 305 (8th Cir.1988). In addition, the Court has found "the decision to be made by the District Court, under the discretion accorded by *Santobello* as to the choice of remedies, is whether withdrawal of the plea should be allowed as an alternative [to resentencing]." *Brunelle v. U.S.*, 864 F.2d 64, 65 (8th Cir.1988).

 Under Missouri law and relevant authority as set forth above, when the state defaults on its plea bargain, the reviewing court has discretion to order either specific performance of the plea bargain or to provide the opportunity for the defendant to withdraw his guilty plea. Any resentencing at the trial level should be before a different judge. The decision of

the trial court is reviewable for abuse of discretion and will be reversed only if it is clearly erroneous.

There was no abuse of discretion, nor was the decision herein clearly erroneous. The judgment of the motion court on appellant's Rule 24.035 Motion is affirmed.

### APPELLANT'S RULE 29.15 MOTION

■ In the second matter consolidated herein, appellant appeals the denial of his 29.15 motion after an evidentiary hearing. This motion arose from appellant's underlying convictions for stealing and assault in the third degree. See, *State v. Proctor*, 746 S.W.2d 102 (Mo.App.1988). In this matter, appellant argues that trial counsel was ineffective for failing to investigate two potential defense witnesses.

Appellant asserts that a Lieutenant Stout and a tow truck driver would have testified favorably for him if they had been called at trial. Neither of these witnesses testified at the evidentiary hearing, nor were affidavits filed as to the contents of their testimony. As noted by the motion court in its findings, the only testimony presented at the evidentiary hearing in regard to whether these witnesses would have testified and what they would have testified to, was by way of testimony from appellant himself.

Once again, appellate review is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j); *Day v. State*, 770 S.W.2d at 695.

■■ The motion court is not required to believe the testimony of a movant or any other witness at an evidentiary hearing even if uncontradicted, and an appellate court must defer to the motion court's determination of credibility. *Childress v. State*, 778 S.W.2d 3, 5 (Mo.App.1989). To establish ineffective assistance of counsel for failure to investigate, subpoena and call witnesses, Movant has to prove that the witnesses could have been located through reasonable investigation; that they would have testified if called; and that their testimony would have provided a viable defense. *Young v. State*, 761 S.W.2d 725, 728 (Mo.App.1988). Only rarely does a

court find that failure to interview witnesses is sufficient to justify a finding of ineffective assistance of counsel. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987).

The motion court was not clearly erroneous in denying appellant's Rule 29.15 motion.

The convictions addressed by appellant's Rule 24.035 motion are remanded for disposition in accordance with this opinion. The motion court's denial of appellant's Rule 29.15 motion is affirmed.

All concur.