**Craig F. WILLIAMS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 21449.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 4, 1997.

Gary E. Brotherton, Asst. Public Defender, Columbia, for Movant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty., Jefferson City, for Respondent.

Before PARRISH, P.J., and SHRUM and BARNEY, JJ.

PER CURIAM.

This is an appeal of a Rule 24.035 motion. This court finds that the judgment rendered does not dispose of all issues presented; that this court is without appellate jurisdiction to consider the merits of the case. The appeal is dismissed.

Craig F. Williams (movant) was charged in the underlying criminal case with assault in the first degree, § 565.050.1 [1], (Count I), and armed criminal action, § 571.015, (Count II). Movant's amended Rule 24.035 motion asserts there was no allegation that movant caused serious physical injury to another person, one of the elements of assault in the first degree. The amended motion further asserts that there was a sufficient charge and supporting factual basis for the offense of assault in the third degree, § 565.070, but that a misdemeanor offense does not support a charge of armed criminal action.

The motion court found:

The Amended Motion correctly states that the allegations contained in Count I does [sic] not include an allegation that "serious" physical injury resulted from the assault alleged. The Amended Motion also correctly states that if the [movant] is not guilty of a felony under Count I, he is not guilty of an offense under Count II.

The motion court concluded it would "make an order vacating both convictions and [would] not direct the resentencing of [movant] on Count I." It directed, "Further proceedings in the criminal case will determine the outstanding issue of whether or not the Information may be amended to allege facts charging felonies." The motion court set aside the judgment and sentence in the criminal case and ordered movant to appear in the underlying criminal case "for further proceedings."

Rule 24.035(j) requires findings of fact and conclusions of law on all issues presented. If a motion is granted, "the court shall vacate and set aside the judgment *and shall discharge the movant or resentence the movant or order a new trial or correct the judgment and sentence as appropriate.*" *Id.* [Emphasis added.]

██ Rule 24.035 motions are governed by the rules of civil procedure "insofar as applicable." Rule 24.035(a). "Under Rule 74.01(b), a trial court's judgment is final for purposes of conferring appellate jurisdiction only if the judgment disposes of all the disputed issues in the case and leaves nothing for future adjudication." *Trust by Sherman v. Wilson,* 928 S.W.2d 897, 898 (Mo.App. 1996). *See also Albright v. Kelley,* 926 S.W.2d 207, 209 (Mo.App.1996).

██ The judgment vacated and set aside movant's conviction. However, it failed to "discharge the movant or resentence the movant or order a new trial or correct the judgment and sentence as appropriate." Rule 24.035(j). It failed to dispose of all the issues presented. "We have no jurisdiction to consider an appeal from a judgment lacking finality." *Collins v. Collins,* 923 S.W.2d 487, 489 (Mo.App.1996). The appeal is dismissed.

---

1. References to statutes are to RSMo 1994.