Gordon Dana EVANS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 21736.

Missouri Court of Appeals,
Southern District,
Division Two.

March 6, 1998.

Motion for Rehearing or Transfer to Supreme Court Denied March 30, 1998.

David Simpson, Asst. Public Defender, Columbia, for movant–appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara Chesser, Asst. Atty., Jefferson City, for respondent.

PARRISH, Presiding Judge.

This is an appeal of a Rule 24.035 motion. This court finds it is without appellate jurisdiction to consider the merits of the case due to non-compliance with Rule 74.01. The appeal is dismissed.

■ Gordon Dana Evans (movant) pleaded guilty to murder in the second degree and armed criminal action. §§ 565.021.1 and 571.015, RSMo 1994. Punishment was assessed at life imprisonment for each offense. Concurrent sentences were imposed. Defendant thereafter filed a motion for post-conviction relief as permitted by Rule 24.035. Counsel was appointed for movant and an amended motion filed. After an evidentiary hearing, the motion court filed findings of fact and conclusions of law that included an "ORDER" stating "that movant's sentence is set aside ... and the cause remanded for resentencing before a different judge and such further proceedings as are appropriate."

There is no writing or docket entry included in the record on appeal that is denominated "judgment," nor is the "ORDER" that is appended to the findings of fact and conclusions of law denominated as such. "Rule 24.035 motions are governed by the rules of civil procedure 'insofar as applicable.' Rule 24.035(a)." *Williams v. State*, 954 S.W.2d 710, 711 (Mo.App.1997). "A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed. A judgment may be a separate document or included in the docket sheet of the case." Rule 74.01(a).

■ There is no judgment included in the record on appeal that was filed in this court. A prerequisite for appellate review is a final judgment. *Williams v. Westrip*, 917 S.W.2d 590, 591 (Mo.App.1996).

Further, in order to dispose of all issues presented in a Rule 24.035 case, as is required in order to have a final judgment, a motion court must " 'discharge the movant or resentence the movant or order a new trial or correct the judgment and sentence as

appropriate.' " *Williams v. State*, 954 S.W.2d at 711, quoting Rule 24.035(j). *See* Rule 74.01(b). This does not appear to have been done in this case. Appeal dismissed.

SHRUM and BARNEY, JJ., concur.