STATE of Missouri, Respondent,

v.

Gordon Dana EVANS, Appellant.

No. 22433.

Missouri Court of Appeals,
Southern District,
Division One.

April 8, 1999.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kevin F. Hennessey, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

A prison inmate appeals from the trial court's denial of the inmate's motion to withdraw his pleas of guilty to murder in the second degree and armed criminal action. §§ 565.021.1 and 571.015, RSMo 1994. A chronological account of the case's peculiar journey through the Missouri judiciary is essential in understanding this court's disposition of the appeal.

June 22, 1995. Appellant enters the pleas of guilty referred to in the preceding paragraph.

July 27, 1995. Trial court sentences Appellant to life imprisonment for each offense, the sentences to run concurrently.

October 30, 1995. Appellant files pro se motion for post-conviction relief per Rule 24.035, Missouri Rules of Criminal Procedure (1995).

May 15, 1997. Motion court files order setting aside Appellant's sentences (but not his guilty pleas) and directing that Appellant be resentenced by a different judge.

June 16, 1997. Appellant files notice of appeal to this court from order of May 15, 1997.

March 6, 1998. This court files opinion dismissing appeal. *Evans v. State,* 964 S.W.2d 859 (Mo.App. S.D.1998).

June 25, 1998. Appellant files "Motion to Withdraw Plea [sic] of Guilty" in trial court. Motion bears title and case number of criminal case (in which pleas of guilty were entered), not case number of post-conviction proceeding. Motion cites Rule 29.07(d).[1] Appellant appears in person with counsel in trial court; prosecutor also appears. Trial

---

1. Rule 29.07, Missouri Rules of Criminal Procedure, has remained unchanged since January 1, 1988. Paragraph "(d)" of Rule 29.07 reads:

"A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

court denies motion to withdraw pleas of guilty. Appellant files notice of appeal to this court from that ruling.

This court, upon receiving the notice of appeal referred to in the preceding paragraph, assigned the appeal number 22433. This opinion addresses that appeal.

Activity in the trial court did not end with the ruling of June 25, 1998.

On June 29, 1998, the trial court resentenced Appellant to concurrent sentences of life imprisonment.[2] Appellant thereafter filed a notice of appeal to this court from that judgment. That notice of appeal bears the case number originally assigned by the motion court to the post-conviction proceeding. This court assigned that appeal number 22814. No briefs have yet been filed in it.

Disposition of the instant appeal (number 22433) is governed by *State v. Ryan*, 813 S.W.2d 898 (Mo.App. S.D.1991). There, a prison inmate, after serving at least six months of his sentence in the Department of Corrections, filed a motion in the trial court seeking leave under Rule 29.07(d)[3] to withdraw his plea of guilty. *Id.* at 899–900. The trial court denied the motion. *Id.* at 900.

On appeal, this court noted that had the prisoner sought relief under Rule 24.035, Missouri Rules of Criminal Procedure (1990), his motion would have been time-barred, as it was filed more than ninety days after he was delivered to the Department of Corrections. *Id.* at 900. Inasmuch as the claim for relief was one that would have been cognizable in a timely proceeding under Rule 24.035, this court held the prisoner could not evade the time limitation of Rule 24.035 by seeking relief under Rule 29.07(d). *Id.* at 901–02[4].

The Western District of this court, citing *Ryan*, reached the same result on similar facts in *Reynolds v. State*, 939 S.W.2d 451, 454–55[4] (Mo.App. W.D.1996).

■ The version of Rule 24.035 in Missouri Rules of Criminal Procedure (1998) was in force when Appellant filed his Rule 29.07(d) motion in the trial court June 25, 1998. Paragraph "(b)" of Rule 24.035 reads, in pertinent part:

"If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections."

■ Appellant did not appeal from the judgment of July 27, 1995.[4] Instead, as explained earlier in this opinion, he filed a *motion seeking post-conviction relief under* Rule 24.035 on October 30, 1995.

The precise date on which Appellant was delivered to the custody of the Department of Corrections does not appear in the record; however it is clear he was delivered there no later than sometime in August 1995. Thus, the ninety-day limitation in Rule 24.035(b) expired some two and a half years before Appellant filed his Rule 29.07(d) motion on June 25, 1998.

The sole ground for relief pled by Appellant in his Rule 29.07(d) motion was:

"2. Defendant entered his pleas of guilty in reliance upon the promise of the prosecuting attorney, pursuant to a plea agreement reached between counsel for defendant and the prosecuting attorney, as evidenced in the plea petition, to stand silent at sentencing and to make no recommendation as to the sentences to be imposed. Defendant also relied upon the promise of the prosecuting attorney to dismiss the charge of armed criminal action.

3. At sentencing, the prosecuting attorney violated the plea agreement by failing to stand silent and by recommending sentences of life imprisonment on each count, to run concurrently and by failing to dismiss the charge of armed criminal action.

4. Defendant was misled by the promise of the prosecuting attorney to stand

2. In compliance with the motion court's order of May 15, 1997, the sentences were imposed by a different judge than the one who sentenced Appellant July 27, 1995.

3. Footnote 1, *supra*.

4. Although a plea of guilty ordinarily waives all defenses and errors, direct appeal still is proper to attack either jurisdiction or the sufficiency of an indictment or information. *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446[4] n. 4 (Mo. banc 1993).

silent at sentencing and to dismiss the charge of armed criminal action when he entered his pleas of guilty.... "

That ground, of course, could have been pled as a claim for relief in the post-conviction proceeding Appellant commenced under Rule 24.035 on October 30, 1995. *Proctor v. State*, 809 S.W.2d 32, 35–36[4] (Mo.App. W.D. 1991). Consequently, this court, applying *Ryan*, 813 S.W.2d at 901–02[4], holds Appellant was barred from seeking relief on that ground when he filed his Rule 29.07(d) motion on June 25, 1998.

The trial court's order of June 25, 1998, denying Appellant's Rule 29.07(d) motion is affirmed.

PREWITT, P.J., and PARRISH, J., concur.