**Jeremy W. BARRINGER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 22795.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 29, 2000.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Chief Judge.

Jeremy W. Barringer ("Movant") appeals from the denial of his Rule 24.035 motion.[1] This court finds that the judgment rendered lacks finality, and therefore, this court is without appellate jurisdiction to consider the merits of the case. The appeal is dismissed.

Pursuant to a plea agreement, Movant pled guilty to three counts of first degree burglary in violation of Section 569.160 and one count of forcible sodomy in violation of Section 566.060. The plea agreement specified that the agreed upon sentence would be concurrent fifteen-year terms on each of the three burglary counts and a consecutive seven-year term on the forcible sodomy count. The plea agreement further specified that the State would oppose probation. In a paragraph entitled

---

1. All rule references are to Missouri Rules of Criminal Procedure (1999) and all statutory references are to RSMo 1994, unless otherwise indicated.

"Other," the agreement also provided that Movant would be allowed to request consideration for the Sexual Offender's Assessment Unit ("SOAU"), under Section 559.115, without state opposition to such a request.

Movant entered his plea of guilty on January 14, 1997. After a pre-sentence investigation report was filed, Movant was committed to the Western Missouri Health Center for the purpose of determining whether he suffered from a mental disease or defect. At the court's request, a supplemental report was also filed and recommended against placing Movant in SOAU.

On March 27, 1997, Movant filed a pro se motion for withdrawal of his pleas of guilty, and subsequently appointed counsel filed an amended motion to withdraw the pleas on May 2, 1997.[2] Movant's motion to withdraw his pleas of guilty was denied on May 7, 1997, and Movant appealed. That appeal, however, was voluntarily dismissed by Movant. On May 23, 1997, Movant was sentenced in accordance with the plea agreement, and Movant's request for placement in SOAU was denied.

On June 13, 1997, Movant filed a pro se Rule 24.035 motion, which was later amended by appointed counsel on March 3, 1998, in which he sought to vacate both his pleas of guilty and his sentence. An evidentiary hearing was held, and on December 2, 1998, the motion court issued its findings of fact and conclusions of law, which ordered that Movant's sentencing "be set aside, and his criminal case be transferred to a different judge for resentencing." The motion court found that while Movant was given reasonable advice concerning the likelihood of placement in SOAU, Movant reasonably believed that the State would take no position on his request for consideration for the program.[3] The motion court ordered that upon resentencing, the State should take no position on Movant's request for placement in SOAU.

On January 26, 1999, Movant filed a notice of appeal. In this appeal, he asserted two points of error, both of which were premised upon the assumption that the "motion court clearly erred in denying [his] Rule 24.035 motion to set aside the judgment and sentence."[4] This is the appeal currently before this court.

2. The pro se motion alleged that Movant entered his pleas of guilty with the understanding that he would be placed in SOAU with eligibility for review concerning probation by the sentencing court after 120 days in the program, and that his attorney had given him false information concerning the program in order to get him to plead guilty. The subsequent motion filed by counsel also contended that Movant's pleas of guilty were not voluntary as they were based on plea counsel's false representations concerning the certainty of Movant's admission to SOAU.

3. As aforementioned, the State, contrary to the provisions in the plea agreement, had in a supplemental report recommended against placing Movant in SOAU.

4. In his first point relied on Movant states:
    The motion court clearly erred in denying [Movant's] Rule 24.035 motion to set aside the judgment and sentence, violating his right to due process and effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, because the record shows that [Movant] relied on counsel's mistaken assurance that he would be placed in SOAU programming, and be eligible for review for probation after 120 days, as a consequence of the State's agreement not to oppose plea counsel's request for such placement. [Movant's ] belief was reasonable under the circumstances, and his decision to plead guilty was premised on that misunderstanding.
    In his second point, Movant states:
    The motion court clearly erred in denying [Movant's] Rule 24.035 motion to set aside the judgment and sentence, violating his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, because [Movant's] plea was unknowing in that his decision to plead guilty hinged on a term in the State's offer that was without value, since he was ineligible by law to benefit from it. The motion court found that the State violated its agreement not to oppose [Movant's] sentencing to the SOAU and remanded for resentencing with the State honoring its agreement to stand silent on the issue at

On February 26, 1999, Movant was re-sentenced to the same terms of the original sentence, a concurrent fifteen-year term on each of the three burglary counts and a consecutive seven-year term on the forcible sodomy count. Following resentencing, Movant filed a Rule 24.035 motion for post-conviction relief on March 26, 1999. That motion was still pending at the time Movant's appellate brief was filed before this court.

The State argues that this appeal must be dismissed for lack of jurisdiction. It contends that because the motion court granted Movant's motion for post-conviction relief and ordered him to be resentenced, there was no final judgment from which to appeal.

In this case, Movant did not wait for resentencing to occur before filing this appeal. Until he was resentenced, there was no final judgment that Movant could contest in a post-conviction action. *See Williams v. State*, 954 S.W.2d 710, 711 (Mo.App. S.D.1997). Once a final judgment was entered and Movant was resentenced, the judgment could have been, and in fact was, attacked through a Rule 24.035 motion. The motion court was entitled to rule on that motion before appeal to this court. Accordingly, Movant's appeal must be dismissed for lack of jurisdiction.

PREWITT, J., concurs.

BARNEY, J., concurs.

sentencing. The ruling was clearly erroneous because granting specific performance, when the most significant term of the agreement was without value, did not affect the unknowing nature of the plea.