**Brian Lee HILL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

**No. 23817.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 19, 2001.

Petition for Rehearing and Transfer Denied
July 10, 2001.

Application for Transfer Denied
Aug. 21, 2001.

---

Emmett D. Queener, Asst. Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Karen L. Kramer, Assistant Attorney General, Jefferson City, for Respondent.

PREWITT, Judge.

Following an evidentiary hearing, the trial court made findings of fact and conclusions of law and entered an order denying Movant–Appellant's motion filed under Rule 24.035. Movant had entered pleas of guilty to charges of first degree murder and armed criminal action pursuant to a plea agreement whereby Movant would receive a life sentence without parole on the first degree murder charge and a life sentence on the armed criminal action charge.

Movant presents one point relied on, asserting that the trial court erred because his right to effective assistance of counsel was violated, as his counsel's conduct caused him "to forego his intention to proceed to trial with a viable diminished capacity defense, seeking a conviction on a lesser offense" and without counsel's "coercive persuasion," he would have exercised his right to trial. As the trial court noted in its findings, "Movant is making the unique argument that he had more information than he wanted to know about the relevant circumstances and likely consequences of his plea and that such knowledge constituted coercion."

Movant's counsel had advised him regarding the anguish that his adoptive parents might suffer should he receive the death penalty, and he had also been shown a video tape entitled "Execution Protocol" about the penitentiary at Potosi and the death penalty. Movant also asserts that his counsel had offered to pay for a trip by his biological mother to visit him in exchange for his pleas of guilty. Movant contends that these actions coerced him into entering a guilty plea.

■ Our review is limited to determining whether the facts and conclusions of the motion court are clearly erroneous. *Fox v. State*, 819 S.W.2d 64, 66 (Mo.App. 1991). The findings and conclusions are clearly erroneous only if a review of the record leaves the Court with a definite and firm impression that the trial court made a mistake. *Id.*

■ "When a movant pleads guilty, claims of ineffective assistance of counsel are only relevant as they affect the voluntariness and understanding with which the plea was made." *Hicks v. State*, 918 S.W.2d 385, 386 (Mo.App.1996). To establish ineffective assistance of counsel, Movant must show counsel's failure to exercise the customary skill and diligence of a reasonably competent attorney and that Movant was prejudiced. *Jones v. State*, 966 S.W.2d 340, 342 (Mo.App.1998). Neither of the two prongs of this test were shown here.

The trial court carefully analyzed Movant's contentions in its findings and conclusions and determined that neither counsel's letter about his adoptive parents' possible anguish should he receive the death penalty nor the videotape prevented his plea from being knowing and voluntary. The record indicates that while Movant initially did not want to see the video he later changed his mind and voluntarily viewed it. The trial court did not believe Movant that his attorney offered to pay for the trip by Movant's biological mother in exchange for his guilty pleas. The trial court also concluded that counsel's belief that Movant could not get a result better than that offered in the plea bargain agreement was not unreasonable and not to the detriment of Movant.

■ Under these circumstances, we do not believe that the trial court's decision was clearly erroneous. There does not appear to be anything improper in educating Movant regarding the death penalty and prison. Informing him regarding the potential anguish of his parents might be irrelevant to the decision on whether to stand trial, but we cannot say that, as a matter of law, the trial court was clearly erroneous in finding that this did not coerce Movant into entering his pleas. None of these factors necessarily require a different conclusion than that reached by the trial court.

The judgment is affirmed.

GARRISON, J., and RAHMEYER, J., concur.