Gordon Dana **EVANS**, Movant–Appellant,

v.

**STATE of Missouri, Respondent–Respondent.**

No. 25270.

Missouri Court of Appeals, Southern District, Division Two.

May 30, 2003.

Kent Denzel, Assistant State Public Defender, for Appellant.

---

Jeremiah W. (Jay) Nixon, Attorney General, Patrick T. Morgan, Assistant Attorney General, for Respondent.

JAMES K. PREWITT, Presiding Judge.

Pursuant to this Court's previous opinion, *Evans v. State*, 28 S.W.3d 434 (Mo. App.2000), which directed remand for resentencing, Appellant appeared before the Honorable William L. Syler on May 23, 2001. Also before the court was Appellant's motion to allow Appellant to withdraw his guilty pleas. That motion was denied. The State stood silent as to any recommendation regarding Appellant's sentences. Counsel for Appellant argued regarding the motion to withdraw his guilty pleas and set forth his recommendations for sentencing. Over the objection of counsel, the father of the victim also spoke before the court. Judge Syler pronounced life sentences on each count, ordering that they be served concurrently.

On July 5, 2001, Appellant filed a pro se motion for post-conviction relief. Counsel was appointed, and an amended Rule 24.035 motion was filed wherein Appellant requested that his pleas be vacated because he had been "deprived of the full benefit of the plea bargain he reasonably believed he was accepting, because the court's review of the entire case necessarily included the court learning the State's original recommendation as to sentencing." See also *State v. Evans*, 989 S.W.2d 662 (Mo.App.1999) and *Evans v. State*, 964 S.W.2d 859 (Mo.App.1998).

On July 24, 2002, the State filed a motion to dismiss Appellant's amended motion. The motion court sustained the State's motion on October 9, 2002, by the following docket entry: "Motion to Dismiss filed by the State is sustained." The motion court issued no findings and conclusions.

Appellant filed this appeal, asserting two points relied on, the second of which is dispositive. In it, Appellant contends that the failure of the motion court to make specific findings and conclusions in its denial of Appellant's amended post-conviction motion to vacate, set aside or correct judgment and sentences "deprived [Appellant] of the opportunity for meaningful appellate review." The State concedes that Appellant's second point requires remand, and we agree.

Rule 24.035(j) requires that when ruling on a motion for post-conviction relief, the motion court is required to issue findings of fact and conclusions of law on all issues presented, whether or not an evidentiary hearing is held. *Ezell v. State*, 9 S.W.3d 616, 619 (Mo.App.1999). Absent findings of fact and conclusions of law, meaningful appellate review is not possible. *Anderson v. State*, 84 S.W.3d 501, 507 (Mo.App.2002).

This cause is remanded to the motion court for findings of fact and conclusions of law on all issues presented by Appellant in his Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence before the Circuit Court of Scott County, in Case No. CV301–258CC.

PARRISH and SHRUM, JJ., concur.