**Gordon Dana EVANS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 25866.

Missouri Court of Appeals, Southern District, Division One.

April 23, 2004.

Petition for Rehearing and Transfer Denied May 14, 2004.

Application for Transfer Denied June 22, 2004.

Kent Denzel, Assistant Public Defender, Columbia, MO, for movant–appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent–respondent.

JAMES K. PREWITT, Judge.

Gordon Dana Evans ("Movant") appeals from the denial of his post-conviction motion filed under Rule 24.035. The history of this case is lengthy, and a synopsis of the prior history is beneficial to the analysis of Movant's one point in this appeal in which he contends that the motion court clearly erred in overruling his Rule 24.035 motion because he did not receive the benefit of his original plea agreement in that, within the re-sentencing process, the sentencing court's review of the case included the State's original sentence recommendation and therefore, a prejudice occurred that could not be remedied by the re-sentencing.

**Background and Procedural History**

In January, 1995, Movant was charged with murder in the first degree, in violation of § 565.020.2, RSMo 1994, and armed criminal action, in violation of § 571.015, RSMo 1994. On June 22, 1995, an amended information was filed, charging Movant with murder in the second degree, in violation of § 565.021.1, RSMo 1994, and armed criminal action, in violation of § 571.015, RSMo 1994. That same day, Movant entered pleas of guilty to murder in the second degree and armed criminal action. *Evans v. State*, 28 S.W.3d 434, 435 (Mo. App.2000) (*Evans III* ). He was sentenced to life imprisonment for each offense, with the sentences to run concurrently. *Evans v. State*, 964 S.W.2d 859, 860 (Mo.App. 1998) (*Evans I* ).

In October, 1995, Movant filed a *pro se* Rule 24.035 motion for post-conviction relief, in which he alleged that the State failed to comply with the plea bargain because the prosecutor had made a recommendation for sentencing, and it was Movant's understanding that there would be no such sentence recommendation. *Evans III,* 28 S.W.3d at 436. The motion court found that the State did not violate the plea agreement because the agreement did not contain any provision that the prosecutor would not recommend a sentence, but that it was reasonable for Movant to have believed that the agreement included a plea bargain under which the prosecutor would not recommend a sentence. *Id.* at 437.

The motion court therefore filed an order setting aside Movant's sentences (although not the guilty pleas) and directed that Movant be re-sentenced by a different judge. *State v. Evans,* 989 S.W.2d 662, 662 (Mo.App.1999) (*Evans II* ). Movant appealed from that order; that appeal was dismissed, however, after determination by this Court that we were without appellate jurisdiction to consider the merits of the case due to non-compliance with Rule 74.01, in that there was an absence of any docket entry, order, or other written denomination by the circuit court of a "judgment." *Evans I,* 964 S.W.2d at 860.

On June 25, 1998, Movant filed a motion to withdraw his guilty pleas, which the trial court denied. *Evans II,* 989 S.W.2d at 662–63. Movant appealed that ruling. *Id.* at 663. This Court affirmed the trial court's ruling, as more than ninety days had passed between the date Movant was delivered to the Department of Corrections and the date he filed the motion to withdraw his guilty pleas. *Id.* at 663–64.

On June 29, 1998, pursuant to the motion court's previous order, Movant was resentenced by a different judge, who entered the same sentences as had been originally entered two concurrent life sentences. *Evans III,* 28 S.W.3d at 438. At the re-sentencing, the judge indicated that he was not going to change the original sentences because he felt that the original sentencing judge had taken the case very seriously and therefore, the re-sentencing judge only "correct[ed] the mistakes that were made." *Id.* at 438 and 440–41.

Movant appealed following the re-sentencing, and that appeal was consolidated with his appeal of the ruling on his Rule 24.035 motion alleging ineffective assistance of counsel. *Id.* at 438. The motion court found that, within the plea agreement, the prosecutor had agreed only that the sentences would run concurrently; she had not agreed to remain silent regarding the length of the sentence. *Id.* at 438. The motion court also found that the appropriate relief was for Movant to receive the plea bargain on which he relied in entering his guilty pleas. *Id.* The motion court determined that at the June 1998 re-sentencing, Movant received the benefit of the plea agreement on which he had relied and therefore, the motion court denied Movant's motion to vacate. *Id.*

Within the consolidated appeal, Movant alleged error in the denial of his motion to vacate his convictions and sentences, contending that the prosecutor's breach of the plea agreement rendered his guilty pleas unknowing, unintelligent, and involuntary. *Id.* Movant also contended that re-sentencing was not the proper remedy, but that vacating the guilty pleas was the only proper remedy. *Id.*

In our analysis of the consolidated appeals, we noted that it is within the discretion of the trial court to determine the appropriate remedy, whether that be specific performance of the plea agreement (re-sentencing by a different judge) or granting a movant the opportunity to with-

draw his guilty pleas. *Id.* at 439. We also noted a plea agreement is a binding contract between the State and a defendant, and that "[w]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* (internal citations omitted).

We concluded that it was proper for the motion court to find that there was no plea agreement that the prosecutor remain silent on the length of the sentences, but that Movant had a reasonable basis to believe that there was such as agreement. *Id.* We indicated that, had there been the plea agreement that Movant contended existed, we might have been inclined to agree that the motion court should have vacated the convictions and sentences. *Id.* at 440. However, even if a breach had occurred, the court still had the discretion to vacate only the sentences and have the re-sentencing take place before a judge not presented with the improper remarks of the prosecutor. *Id.*

We vacated Movant's sentences and remanded, however, because we determined that, based on the re-sentencing judge's comments, Movant did not receive sentencing from a judge who made an independent decision regarding the sentences. *Id.* at 440–41. Our directions on remand were that, if the prosecutor did not agree to remain silent regarding the length of the sentence, then the trial court must vacate the convictions and sentences. *Id.* at 441. If, however, the prosecutor does remain silent, then the court should only vacate the sentences and re-sentence Movant in a manner consistent with our written opinion in the case. *Id.* We further directed that the presiding judge request the Missouri Supreme Court to assign a judge from outside the circuit for the re-sentencing. *Id.*

Pursuant to this Court's opinion, Movant appeared before a third judge, one assigned from outside the Thirty-third Circuit, for re-sentencing. *Id.; Evans v. State,* 105 S.W.3d 574, 575 (Mo.App.2003) (*Evans IV*). The court also considered Movant's motion to withdraw his guilty pleas, which was denied. *Id.* At the hearing, the State stood silent as to sentencing, and the judge pronounced life sentences on each count, to be served concurrently. *Id.*

Movant filed a *pro se* motion for post-conviction relief requesting that his pleas be vacated because he had been "deprived of the full benefit of the plea bargain he reasonably believed he was accepting, because the court's review of the entire case necessarily included the court learning the State's original recommendation as to sentencing." *Id.* The State filed a motion to dismiss Movant's amended motion. *Id.* The State's motion to dismiss was sustained by a docket entry; however, the motion court issued no findings of facts or conclusions of law. *Id.*

Movant raised two points in his appeal and we found the second to be dispositive, and the State conceded that the failure of the motion court to make specific findings and conclusions in its denial of Movant's amended post-conviction motion deprived Movant of the opportunity for meaningful appellate review and required remand. *Id.* On remand, the motion court was directed to issue written findings of fact and conclusions of law on all issues presented by Movant in his post-conviction motion. *Id.*

On August 25, 2003, the motion court filed its judgment with findings of fact and conclusions of law. Within the judgment, the motion court concluded:

> the appellate court gave specific instructions as to what procedure the trial court(s) were to follow in re-sentencing the movant. At the resentencing,

the state remained silent. A new judge from outside the circuit exercised his discretion over the resentencing of the defendant. The judge exercised appropriate discretion by sentencing the movant within the confines of the punishment statutes. The judge ran the sentences concurrently. There has been no deviation from the appellate court's mandate. Therefore, there is no basis for this motion and it is overruled. *State v. Jones*, 552 S.W.2d 45, 46 (Mo.App. W.D.1977) (trial court followed appellate court mandate in exercising discretion in re-sentencing a movant on murder and robbery charges).

This appeal followed.

## Discussion of Movant's Current Appeal

■ Movant raises one point and argues that the motion court clearly erred in overruling his Rule 24.035 motion because a review of the entire record leaves a definite and firm impression that he did not receive the benefit of the plea agreement he reasonably thought he had with the State. Further, according to Movant, within the re-sentencing, the court's review of the case included the prosecutor's original recommendation as to sentencing, which, along with the fact that he received the same sentence, demonstrates that he was prejudiced and such prejudice can never be cured by re-sentencing. Therefore, Movant contends that he can never be given the benefit of the plea bargain he reasonably assumed he had with the State, and his pleas must be vacated.

■ Appellate review of a motion court's denial of post-conviction relief is limited to determining whether the facts and conclusions of the motion court are clearly erroneous. *Hill v. State*, 50 S.W.3d 922, 924 (Mo.App.2001). The findings and conclusions are clearly erroneous only if a review of the record leaves this Court with a definite and firm impression that a mistake has been made. *Id.*

In pertinent part, Rule 24.035(j) provides:

If the court finds that the judgment was rendered without jurisdiction, that the sentence imposed was illegal, or that there was a denial or infringement of the rights given movant by the constitution of Missouri or the constitution of the United States as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the movant or resentence the movant or order a new trial or correct the judgment and sentence as appropriate.

As indicated previously, it is within the discretion of the trial court to determine the appropriate remedy from those listed above. *Proctor v. State*, 809 S.W.2d 32, 34 (Mo.App.1991). *Proctor* outlines that under Missouri law and other relevant authority, when the State defaults on its plea bargain, including breaching a promise to remain silent at sentencing, the reviewing court has the discretion to either order specific performance of the plea agreement or provide the defendant with the opportunity to withdraw his guilty plea. *Id.* at 35. If re-sentencing is the remedy chosen by the court, such re-sentencing should take place before a different judge. *Id.* The decision of the trial court with regard to re-sentencing is reviewable for abuse of discretion and will be reversed only if it is clearly erroneous. *Id.* at 36.

Movant argues that prejudice resulted, and will result each and every time sentencing is ordered and he receives two concurrent life sentences, because, even if a different judge from a different circuit is assigned the case, that judge's review of the record will include the prosecutor's

original sentence recommendation. We find Movant's argument without merit.

In *Evans III* we remanded for re-sentencing because we found that the second judge who sentenced Movant did not make an independent decision as to that sentence. 28 S.W.3d at 440. We noted that even where there is a breach of a plea bargain, there is the discretion discussed above as to whether to vacate only the sentences and have re-sentencing before a judge not presented with the improper remarks regarding sentencing made by the prosecutor. *Id.*

█ Contrary to Movant's assertion, a trial court is presumed not to have considered improper evidence when sentencing a defendant. *State v. Richardson*, 923 S.W.2d 301, 319 (Mo.banc 1996).

We find no abuse of discretion in the choosing of the remedy of re-sentencing, and the motion court did not clearly err in denying Movant his requested relief and overruling his Rule 24.035 motion. The findings and conclusions of the motion court were not clearly erroneous and we are not left with a definite and firm impression that a mistake was made.

## Conclusion

The judgment of the motion court on Movant's Rule 24.035 motion is affirmed.

BARNEY, P.J., and GARRISON, J., concur.