Kerry **BROOKS**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. SC 88353.

Supreme Court of Missouri, En Banc.

Jan. 15, 2008.

to-fire position. The officer grabbed Brooks' wrist to prevent the gun from being pointed at her. As the struggle continued, Brooks threw the officer to the ground and fell on top of her. The officer drew her duty weapon and pointed it at Brooks. He then threw his gun down and, again, unsuccessfully attempted to escape.

Rosalynn Koch, Office of Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert J. Bartholomew, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

## PER CURIAM.[1]

 Kerry Brooks entered an *Alford* plea[2] to assault of a law enforcement officer in the first degree.[3] He subsequently filed this action under Rule 24.035, alleging, among other issues, that the plea agreement had been breached, that no factual basis for the plea existed, and that the charge in the information constituted a class B felony of assault rather than the class A felony for which he was sentenced. The motion court agreed that the plea agreement had been breached and ordered relief, but otherwise overruled the motion. The motion court's judgment is affirmed.

### Facts concerning the crime

A police officer tried to stop Brooks' car for a traffic violation. The car eluded the officer until it struck another car. As Brooks tried to escape, the officer attempted to restrain Brooks, who had a gun in his right hand. The gun was in the ready-

### Facts concerning the plea

The state charged Brooks with assault and armed criminal action. The incident also was the subject of federal charges. The state offered to dismiss the armed criminal action charge in exchange for the plea to the assault charge. The terms of the plea agreement also provided that the sentence imposed by the trial court was not to exceed the sentence Brooks received on a pending federal charge, it was to run concurrent with the federal sentence, and Brooks was to serve his sentence on the state charge in federal custody under his federal sentence.

The trial court sentenced Brooks in accordance with the plea agreement, stating that it "will furlough [Brooks] to the Federal system for [Brooks] to do [his] time in the Federal sentence." After the plea, Brooks was not transferred to federal custody.

### Facts concerning the motion and filing the appeal

Because he was not transferred to federal custody, Brooks filed a Rule 24.035 motion. All parties agreed that the failure to transfer Brooks to federal custody was

---

1. This Court transferred this case after an opinion by the Court of Appeals, Southern District, authored by the Honorable Gary Lynch. Portions of that opinion are used without further attribution. This Court has jurisdiction. *Mo. Const. article V, section 10.*

2. An *Alford* plea allows a defendant to plead guilty to a charged offense and accept criminal penalty even if he or she is unwilling or unable to admit to committing the acts constituting the offense. *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

3. Section 565.081, RSMo 2000. All other statutory references are to RSMo 2000.

error. Accordingly, the motion court vacated Brooks' previously entered sentence and ordered that Brooks be resentenced in accordance with the terms of the original plea agreement. The court denied all other relief. Before resentencing occurred, Brooks filed his notice of appeal.

## Standard of review

■ Appellate review of the motion court's action on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Rule 24.035(k)*. The motion court's findings and conclusions are clearly erroneous only if, after the review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004).

## The motion court's decision was final without resentencing

A motion under Rule 24.035 is governed by the rules of civil procedure insofar as applicable. *Rule 24.03(a)*. The motion court is to file findings of fact and conclusions of law on all issues presented. *Rule 24.035(j)*.

■ A prerequisite to appellate review is that there be a final judgment. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995). A final judgment disposes of all issues as to all parties, leaving nothing for future determination. *Magee v. Blue Ridge Professional Bldg. Co., Inc.*, 821 S.W.2d 839, 842 (Mo. banc 1991). Rule 24.035(j) requires the motion court to issue findings of fact and conclusions of law on all issues presented. If the motion court complies with Rule 24.035(j), an order sustaining or overruling a Rule 24.035 motion is a final judgment for purposes of appeal by the movant or the state. *Rule 24.035(k)*. In this case, the motion court complied with Rule 24.035, and its judgment is final and appealable.

■ Where the motion court determines that the movant is to be resentenced, as in this case, that issue is decided, and the fact that resentencing has not occurred prior to the appeal being filed does not cause the motion court's judgment to be interlocutory. *See Tisius v. State*, 183 S.W.3d 207, 211 (Mo. banc 2006); *State v. Shafer*, 969 S.W.2d 719, 723 (Mo. banc 1998). To the extent *Barringer v. State*, 12 S.W.3d 765 (Mo.App.2000), and *Williams v. State*, 954 S.W.2d 710 (Mo.App.1997), are to the contrary, they are overruled.

## There was a factual basis for the plea

■ Brooks contends that there was no factual basis for his plea to the assault charge. The information the prosecutor filed charged Brooks with violating section 565.081.1, constituting the class A felony of assault of a law enforcement officer in the first degree.

Brooks does not contest that the crime involved a law enforcement officer. He contends the evidence simply shows he was armed and struggled with the officer. The prosecutor's recitation of facts shows more. The prosecutor was prepared to show that Brooks' gun was in the ready-to-fire position, that Brooks began to swing his right hand toward the front of his body, which would have placed the gun between Brooks and the officer, that the officer grabbed Brooks' wrist to prevent the gun from being pointed at her, that Brooks threw the officer to the ground and fell on top of her, and that Brooks ended the assault and threw his gun away only after the officer drew her weapon and pointed it at him. All of this followed a chase by the officer that ended after an accident with another vehicle and Brooks' attempt to escape his disabled car.

Brooks made an *Alford* plea. The plea court explained to Brooks that in such a plea, Brooks did not have to agree with the facts but could conclude that in the end he would be found guilty. After the prosecutor set out the facts the state would present, Brooks agreed that there was a great likelihood that he would be convicted if the case went to trial and pleaded guilty.

The motion court concluded that there was a factual basis for the plea and that the plea was knowing and voluntary; its conclusions are not clearly erroneous.

### The alleged defect in the information does not require granting relief

As his final point, Brooks contends that the information charging him with assault contained language stating that his possession of a gun was a substantial step toward the commission of the assault. From this language Brooks asserts he was only charged with class B attempted assault rather than class A assault.

The information charged that Brooks, "in violation of section 565.081.1, RSMo, committed the class A felony of assault of a law enforcement officer in the first degree."[4] The information also charged that Brooks was a persistent offender under section 558.016.

■ When a defendant challenges the sufficiency of an indictment or information for the first time following a guilty plea, the indictment or information will be held to be sufficient unless (1) it does not by any reasonable construction charge the offense to which the defendant pleaded guilty and (2) the defendant demonstrates actual prejudice as a result of the insufficiency. *State v. Sparks*, 916 S.W.2d 234, 237 (Mo.App.1995).

■ The movant does not demonstrate actual prejudice. The information advised Brooks of the statutes under which he was charged and would be sentenced as well as the facts that would support conviction for the offense. The motion court found that Brooks understood the charge to which he was pleading, the potential punishment range, and noted that Brooks was charged as a persistent offender, which made him subject to any sentence authorized for a class A felony. *Section 558.016.7.* The findings and conclusions of the motion court finding no prejudice are not clearly erroneous.

### Conclusion

The judgment is affirmed.

LAURA DENVIR STITH, C.J., PRICE, TEITELMAN, LIMBAUGH and WOLFF, JJ., and SULLIVAN, Sp.J., concur.

RUSSELL and BRECKENRIDGE, JJ., not participating.

---

4. Section 565.080.1 provides: "A person commits the crime of assault of a law enforcement officer in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer."