

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| Respondent, | ) | WD83128 |
| v. | ) | |
| | ) | |
| KEITH B. HUDSON, | ) | FILED: September 1, 2020 |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE BRYAN ROUND, JUDGE

### BEFORE DIVISION THREE: GARY D. WITT, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND THOMAS N. CHAPMAN, JUDGES

Keith Hudson appeals from the judgment sentencing him after he was convicted of second-degree robbery and receiving stolen property. He contends the circuit court erred in not allowing him to be physically present for his sentencing on the second-degree robbery conviction. Because the court erred in not allowing him to be physically present, we vacate the sentence for second-degree robbery and remand for a new sentencing hearing where Hudson is physically present unless he chooses to waive that right.

### FACTUAL AND PROCEDURAL HISTORY

A jury convicted Keith Hudson of first-degree robbery and receiving stolen property. The court sentenced him to concurrent terms of fifteen years and seven

years in prison, respectively. Hudson appealed his convictions and sentences to this court. *State v. Hudson*, 574 S.W.3d 796 (Mo. App. 2019). We reversed his first-degree robbery conviction on the basis of instructional error and remanded the case to the circuit court to retry him on the robbery charge unless the State elected to accept the entry of a conviction for the lesser-included offense of second-degree robbery. *Id.* at 807-09. We further ordered that, if the State elected the entry of a conviction for second-degree robbery, Hudson should be resentenced accordingly. *Id.* at 809.

On remand, the State elected to accept the entry of a conviction for second-degree robbery. On July 1, 2019, the court scheduled a sentencing hearing for July 30, 2019. Defense counsel filed a motion to continue the sentencing hearing asserting, as one of the grounds for a continuance, Hudson's right to be present at his sentencing and defense counsel's fear that "obtaining and executing a writ in this short of a time span could prove challenging to meet that constitutional right." The court granted Hudson's request and continued the sentencing hearing to August 23, 2019.

Defense counsel then filed an application for a writ of habeas corpus ad testificandum requesting that the court order the Department of Corrections to transport Hudson to Jackson County by August 20 so that he could be present in person at the sentencing hearing on August 23. The court issued a writ of habeas corpus ad testificandum via Polycom directing that Hudson appear by video conference for the sentencing on August 23.

2

At the beginning of the sentencing hearing, defense counsel asked Hudson if he wanted to be there in person. The court interjected, "He doesn't have an option to be here today." Defense counsel then objected to Hudson's appearing by video conference instead of in person. The court told defense counsel that he could object and appeal if he wanted to, but the court was not going to bring Hudson to Jackson County for sentencing.

After hearing argument from the State and defense counsel concerning what Hudson's sentence should be, the court sentenced Hudson to fifteen years in prison for second-degree robbery, to be served concurrently with the seven-year sentence previously imposed for receiving stolen property. Hudson appeals.

## ANALYSIS

In his sole point on appeal, Hudson contends the circuit court erred in sentencing him without his being physically present. He argues that, because he requested to be physically present at sentencing and objected to appearing by video conference, the court violated his right to due process and statutory rights when it sentenced him via video conference.

The State concedes that the court erred in sentencing Hudson via video conference. Section 546.550, RSMo 2016,[1] requires that, if a conviction is punishable by imprisonment, the defendant must be personally present for sentencing. *See also* Rule 29.07(b)(2) (providing that a defendant convicted of a

---

[1] All statutory references are to the Revised Statutes of Missouri 2016.

3

felony must be personally present when sentence is pronounced). This court has affirmed that "a defendant has a due process right to be personally present at the time of sentencing and to be heard on the pronouncement." *State v. Washington*, 249 S.W.3d 255, 258 (Mo. App. 2008). Section 561.031.1(6) provides that the defendant may appear for sentencing after conviction at trial by way of two-way audio-visual communication, but only "upon waiver of any right such person might have to be physically present." It is undisputed that Hudson properly objected before the circuit court and did not waive his right to be physically present. Therefore, we must vacate Hudson's sentence for second-degree robbery and remand for resentencing to allow Hudson to be physically present.

Hudson argues that we should order that resentencing take place before a different judge because the resentencing will be "tainted" by the prior proceedings. To support this argument, he relies on *Proctor v. State*, 809 S.W.2d 32, 35 (Mo. App. 1991), which held that, where a prosecutor breaches a plea agreement to remain silent at sentencing, the defendant is entitled to be resentenced before a different judge who was not tainted by the prosecutor's improper remarks. *Proctor* is inapposite, as Hudson has not established that the prosecutor said or did anything in the prior proceedings that could be viewed as "tainting" any future resentencing by this judge.

Hudson also argues that we should order the case to be reassigned to a new judge because this judge was "not receptive to [his] right to be physically present, nor his counsel's arguments about why evidence not pursued or

4

introduced by [his] trial counsel might warrant a lesser sentence." Relying on federal case law, Hudson argues reassignment is warranted because this judge would reasonably be expected "to have substantial difficulty in putting out of [his] . . . mind previously-expressed views or findings determined to be erroneous"; reassignment would "preserve the appearance of justice"; and reassignment would not "entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *United States v. DeMott*, 513 F.3d 55, 59 (2d Cir. 2008).

To seek a new judge on these grounds, the proper procedure under Missouri law is for Hudson to file, on remand in the circuit court, a motion for change of judge pursuant to Rule 32.09(c). Rule 32.09(c) provides for a change of judge "when fundamental fairness so requires," and Rule 2-2.11(A)(1) requires a judge to recuse himself or herself when "a reasonable person would have factual grounds to find an appearance of impropriety and doubt the impartiality of the court." *Anderson v. State*, 402 S.W.3d 86, 91 (Mo. banc 2013) (citation omitted). We express no opinion on whether such a motion would be meritorious should Hudson choose to file it.

**CONCLUSION**

Hudson's sentence for second-degree robbery is vacated. The cause is remanded for a new sentencing hearing where Hudson is physically present unless he chooses to waive that right.[2]

_____
**LISA WHITE HARDWICK, JUDGE**

**ALL CONCUR.**

---

[2] We note that Hudson's sentencing on August 23, 2019, occurred before the COVID-19 pandemic. In response to the COVID-19 pandemic, the Supreme Court issued an order on July 24, 2020, effective August 1, 2020, which provides, in pertinent part:

> In all judicial proceedings, courts and judges are encouraged to utilize all available technologies – including teleconferencing and video conferencing – to conduct court activities remotely in order to limit the number of in-person proceedings conducted in courthouses. Any local, criminal, or civil rules that would impede a court clerk or judge's ability to utilize such technologies are hereby suspended for the duration of this Order.

While this order suspends court rules, it does not change applicable statutory provisions.